DAVIS, Judge.
Thomas W. Cutler and Ann Cutler challenge the final summary judgment entered in favor of U.S. Bank National Association in U.S. Bank’s mortgage foreclosure action against them. Because a genuine issue of material fact remains with regard to whether U.S. Bank was the proper holder of the note, we reverse and remand for further proceedings.
On September 22, 2008, U.S. Bank filed a two-count complaint against the Cutlers seeking to foreclose their mortgage and to establish the lost, destroyed, or stolen note.[1] Attached to the complaint was a *225 copy of the mortgage that listed BNC Mortgage, Inc., as the lender. The complaint alleged that the mortgage had been assigned to U.S. Bank, but no assignment was attached.
The Cutlers responded to the complaint with a letter in which they stated that they were seeking a loan modification and that they “ha[d] not been able to successfully make payments on [their] Home Loan.”
After moving for summary judgment on February 18, 2010, U.S. Bank filed the original note with an attached allonge signed in blank and undated. The original note is signed by Mr. Cutler but not by Mrs. Cutler.
On October 6, 2010, prior to the summary judgment hearing, counsel for the Cutlers filed a notice of appearance and a motion to dismiss the complaint, alleging that U.S. Bank lacked standing to bring the foreclosure action.
At the October 11, 2010, hearing on U.S. Bank’s motion for summary judgment, the trial court granted the motion and set the date of foreclosure sale. The final judgment was entered the following day. The Cutlers moved for rehearing, challenging U.S. Bank’s standing to foreclose and alleging that “[i]n 2008 the Plaintiff did not hold the promissory note that is the subject of this cause of action and [that] the Plaintiff had no interest in the mortgage attached to the [complaint].” The trial court denied the Cutlers’ motion.
On appeal, the Cutlers first argue that the trial court erred in granting final summary judgment because U.S. Bank lacked standing to bring the foreclosure action. With regard to the mortgage, the Cutlers are correct that it was not assigned to U.S. Bank until nearly two years after the complaint was filed. However, the date of the assignment of the mortgage is irrelevant because ‘“[i]f the note or other debt secured by a mortgage [is] transferred without any formal assignment of the mortgage, or even a delivery of it, the mortgage in equity passes as an incident to the debt....’” WM Specialty Mortg., LLC v. Salomon, 874 So.2d 680, 682 (Fla. 4th DCA 2004) (quoting Johns v. Gillian, 134 Fla. 575, 184 So. 140, 143 (1938)).
As such, the question becomes whether U.S. Bank was the holder of the note at the time it filed its complaint. See Mortg. Elec. Registration Sys., Inc. v. Azize, 965 So.2d 151, 153 (Fla. 2d DCA 2007) (“The holder of a note has standing to seek enforcement of the note.”). In its complaint, U.S. Bank did indeed allege that it was the holder of the note. The Cutlers admitted this allegation by not specifically denying it in their letter to U.S. Bank which served as their answer. See Fla. R. Civ. P. 1.110(e) (“Averments in a pleading to which a responsive pleading is required ... are admitted when not denied in the responsive pleading.”). Furthermore, at no time did the Cutlers seek to amend their answer or to file affirmative defenses. However, in their motion to dismiss, and then again in their motion for rehearing, the Cutlers did argue that U.S. Bank lacked standing to bring the foreclosure action because it did not hold the note when it initiated the suit. This allegation was sufficient to bring the issue to the attention of the trial court and to preserve it for appellate review. Cf. Maynard v. Fla. Bd. of Educ., 998 So.2d 1201, 1206 (Fla. 2d DCA 2009) (“[S]ince Maynard did raise the issue of standing below in his motion to set aside the verdict and judgment, .... the issue has not been waived.”).
Accordingly, a genuine issue of material fact remained as to whether U.S. Bank was the proper holder of the note at the time it initiated the foreclosure action. The note includes the allonge endorsed in blank, but the allonge is not dated. If *226 indeed U.S. Bank cannot establish that the allonge took effect prior to the date of the complaint, it did not have standing to bring suit. See Feltus v. U.S. Bank Nat’l Ass’n, 80 So.3d 375, 377 n. 2 (Fla. 2d DCA 2012) (“A cause of action must be complete before a party files a lawsuit.... Thus ... [U.S. Bank] would have needed to prove the endorsement in blank was effectuated before the lawsuit was filed.” (citations omitted)); Country Place Cmty. Ass’n v. J.P. Morgan Mortg. Acquisition Corp., 51 So.3d 1176, 1179 (Fla. 2d DCA 2010) (“Because J.P. Morgan did not own or possess the note ... when it filed its lawsuit, it lacked standing to maintain the foreclosure action.”); see also Barrington v. Gryphon Invs., Inc., 32 So.3d 668, 670 (Fla. 2d DCA 2010) (“ ‘[T]he burden of proving the absence of a genuine issue of material fact is upon the moving party.’ ” (alteration in original) (quoting Holl v. Talcott, 191 So.2d 40, 43 (Fla.1966))).
Because a genuine issue of material fact remains, the trial court erred in entering a final summary judgment. Id. (“ ‘[A] summary judgment is proper only if there is no genuine issue of material fact, viewing every possible inference in favor of the party against whom summary judgment has been entered.’ ” (quoting Poe v. IMC Phosphates MP, Inc., 885 So.2d 397, 400 (Fla. 2d DCA 2004))). Accordingly, we must reverse and remand for further proceedings.[2]
Reversed and remanded.
WHATLEY and WALLACE, JJ„ Concur.

. Specifically, count two of the complaint sought "entry of judgment confirming its right to enforce the lost Note and Mortgage.”

. We note that there is no merit to the Cutlers' argument that Mrs. Cutler cannot be foreclosed on because she did not sign the note. She did sign the mortgage; therefore, a judgment on the note may not be entered against her, but a foreclosure on the mortgage can.