LaROSE, Judge.
Everhome Mortgage Company appeals an order vacating a final judgment of foreclosure against David and Kathleen Janssen. See Fla. R. Civ. P. 1.540(b)(4). That order also dismissed Everhome’s foreclosure action. The trial court ruled that it had lacked jurisdiction to enter a final judgment because Everhome was not the holder of the mortgage when it filed the complaint. According to the trial court, *1240 Everhome lacked standing to sue. The trial court erred.
We are compelled to point out that possession of the note determines standing to foreclose. See Taylor v. Bayview Loan Servicing, LLC, 74 So.3d 1115, 1117 (Fla. 2d DCA 2011). The holder of the original note endorsed in blank has standing. Id. “[A] mortgage is but an incident to the debt, the payment of which it secures, and its ownership follows the assignment of the debt. If the note or other debt secured by a mortgage be transferred without any formal assignment of the mortgage, or even a delivery of it, the mortgage in equity passes as an inci dent to the debt....” WM Specialty Mortg., LLC v. Salomon, 874 So.2d 680, 682 (Fla. 4th DCA 2004) (quoting Johns v. Gillian, 134 Fla. 575, 184 So. 140, 143 (1938)). More fundamentally, however, “[e]ven if [the plaintiff] lacked standing when it filed suit, the final judgment is merely voidable, not void.” Dage v. Deutsche Bank Nat’l Trust Co., 95 So.3d 1021, 1024 (Fla. 2d DCA 2012) (citing Phadael v. Deutsche Bank Trust Co. Americas, 83 So.3d 893, 895 (Fla. 4th DCA 2012)). “A voidable judgment may not be set aside under rule 1.540(b)(4).” Id. (citing Sterling Factors Corp. v. U.S. Bank Nat’l Ass’n, 968 So.2d 658, 665 (Fla. 2d DCA 2007)). Therefore, we reverse and remand for further proceedings.
Reversed and remanded.
SILBERMAN, C.J., Concurs.
WHATLEY, J., Concurs in result only.