PALMER, J.
In this mortgage foreclosure matter, Charles R. Green appeals the final judgment of foreclosure entered in favor of JPMorgan Chase Bank, N.A. (Bank). Determining that the trial court erred in denying Green’s motion to add a counterclaim and in granting the Bank’s motion for summary judgment, we reverse.
The Bank filed a mortgage foreclosure complaint against Green. Green filed an answer raising multiple affirmative defenses. He later filed a motion seeking leave of court to file a counterclaim containing several counts. The Bank filed a motion for summary judgment. Both motions were heard together, after which the trial *1287 court denied Green’s motion to add a counterclaim, granted the Bank’s motion for summary judgment, and entered a final judgment of foreclosure.
On appeal, Green argues that the trial court erred in denying his motion to add a counterclaim and in granting the Bank’s motion for summary judgment when the Bank had not refuted all of his affirmative defenses. We agree.
First, the court erred in denying Green’s motion to add a counterclaim. A trial court’s denial of a motion to add a counterclaim is reviewed for abuse of discretion. See Cedar Mountain Estates, LLC v. Loan One, LLC, 4 So.3d 15, 16 (Fla. 5th DCA 2009). All doubts must be resolved in favor of allowing amendment, and “[p]ublic policy ... favors the liberal granting of leave to amend where the failure to do so will likely prevent the cause from being resolved on its merits.” Crown v. Chase Home Fin., 41 So.3d 978, 980 (Fla. 5th DCA 2010). Consequently, “[refusal to allow amendment of a pleading constitutes an abuse of discretion unless it clearly appears that allowing the amendment would prejudice the opposing party; the privilege to amend has been abused; or amendment would be futile.” Sonny Boy, L.L.C. v. Asnani, 879 So.2d 25, 28 (Fla. 5th DCA 2004).
One count of Green’s proposed counterclaim, and the only count he addresses on appeal, alleged that the Bank violated the federal Real Estate Settlement Procedures Act (RESPA) by failing to notify him of a change in the servicer of his loan.[1] Specifically, the count alleged the following. Green obtained a loan from Washington Mutual Bank, FA (WaMu). Through this transaction, WaMu may have acquired and retained a servicing interest in the loan. The Bank claimed to possess servicing rights in the loan. However, the Bank failed to notify Green that it was the new servicer within 30 days of assignment of servicing, as required by RESPA. As a result, the Bank denied Green a good-faith opportunity to determine who the new ser-vicer was, preventing him from making mortgage payments to avoid foreclosure.
The Bank responded that this count would be futile because Green could not state a valid claim, since he made eight monthly payments after servicing was transferred to the Bank. In support, the Bank relied on (1) a Purchase and Assumption Agreement showing that the Bank bought WaMu and its assets out of receivership on September 25, 2008; (2) a Customer Account Activity Statement showing that, after September 25, 2008, Green made at least 12 payments on the account; and (3) an affidavit of amounts due and owing. In addition, the Bank’s counsel represented to the court that the Bank regularly contacted Green by mail and phone to explore home retention options. In support, the Bank relied on (1) a letter from the Bank to Green, and (2) a Consolidated Notes Log describing various phone interactions between the Bank and Green after he defaulted on the loan. Green objected that the Bank presented no sworn testimony. Green represented that he was never aware that the Bank was involved until he was served with the complaint, and he denied that he had made any payments to the Bank.
The Bank failed to conclusively show that this count of Green’s proposed counterclaim would be futile. The only evidence submitted by the Bank was the affidavit of amounts due and owing.[2] That *1288 affidavit did not show specific payments by Green or the dates on which they were made. As such, the trial court erred in denying his motion as to this count.
Second, the trial court erred in granting the Bank’s motion for summary judgment because the Bank failed to refute Green’s affirmative defense of lack of standing. This court reviews de novo an order granting summary judgment. Major League Baseball v. Morsani, 790 So.2d 1071, 1074 (Fla.2001). To establish standing to foreclose for purposes of summary judgment, the plaintiff must show that it acquired the right to enforce the note before it filed suit. See Gonzalez v. Deutsche Bank Nat’l Trust Co., 95 So.3d 251, 253-54 (Fla. 2d DCA 2012); Venture Holdings & Acquisitions Group, LLC v. A.I.M. Funding Group, LLC, 75 So.3d 773, 776 (Fla. 4th DCA 2011).
The Bank s motion for summary judgment asserted that the Bank had standing as the holder of the note, as evidenced by its earlier filing of the original promissory note. The note contained an indorsement in blank by WaMu.[3] On appeal, the Bank adds that its standing was supported by the Purchase and Assumption Agreement, which showed that the Bank bought all of WaMu’s assets before the Bank filed suit. The Bank also asserts that it filed an affidavit stating that it was the holder of the note.
Within the original note, the in-dorsement in blank did not establish that the Bank had the right to enforce the note when it filed suit, because the indorsement was undated. See Gonzalez, 95 So.3d 251. Moreover, the Bank’s standing also was not established by its act of filing of the original note. Although the filing of the original blank-indorsed note showed the Bank’s possession of (and thus right to enforce) it at the time of filing the note, that filing occurred more than a year after the Bank filed suit. As for the Purchase and Assumption Agreement, that Agreement was not authenticated for purposes of summary judgment. Finally, the affidavit of amounts due and owing did state that the Bank “holds the Note.” However, like the filing of the original note, the affidavit did not establish that the Bank held the note at the time it filed suit because the affidavit was dated more than two years later.
REVERSED and REMANDED.
ORFINGER, C.J., and BERGER, J., concur.

. See 12 U.S.C. § 2605(c)(1), (2)(B) (2011).

. None of the other documents were authenticated. Unauthenticated documents cannot be used in support of a motion for summary *1288 judgment. Ciolli v. City of Palm Bay, 59 So.3d 295, 297 (Fla. 5th DCA 2011).

. The copy of the note attached to the Bank s complaint did not contain this indorsement. However, this fact does not affect our analysis.