PER CURIAM.
We have for consideration an emergency petition proposing amendments to Florida Rule of Civil Procedure 1.490 (Magistrates) filed by the Trial Court Budget Commission (Commission).[1] See Fla. R. Jud. Admin. 2.140(d); 2.230(b)(6). The amendments, which we adopt as proposed, are intended to help alleviate the residential mortgage foreclosure case backlog Florida courts are currently facing.
BACKGROUND
The rule amendments were recommended by the Commission’s Foreclosure Initiative Workgroup (Workgroup) and approved by the Commission as part of an overall plan developed to address the significant number of mortgage foreclosure cases pending in Florida’s trial courts and expected to be filed in the next few years.[2] See Trial Court Budget Commission’s Foreclosure Initiative Workgroup, Foreclosure Backlog Reduction Plan for the State Courts System: Recommendations of the Foreclosure Initiative Workgroup, (2013) (“Workgroup Report”).[3] As explained in the Commission’s petition, one of the problems identified by the Work-group in its report is the limited availability of judicial resources to address the residential mortgage foreclosure case backlog, which the Workgroup determined is exacerbated by the law requiring retired judges to refrain from working as senior judges, except on a voluntary basis, for twelve months after retirement. See Workgroup Report at 16. Therefore, the Workgroup recommended amending rule 1.490 to expand the use of general magistrates as an alternative to the use of senior judges to assist in processing foreclosure cases. See Workgroup Report at 18, 28. We thank the Commission and the Foreclosure Initiative Workgroup for providing the Court with a comprehensive plan for addressing the mounting number of residential mortgage foreclosure cases in our courts and for suggesting the use of magistrates as a vehicle to provide additional judicial resources to efficiently process those cases.
AMENDMENTS
Rule 1.490 provides for the appointment of general and special magistrates, describes the powers and duties of magistrates, and states under what circumstances referrals to magistrates may be made. The amendments to the rule, which we adopt as proposed by the Commission, expand the use of general magistrates in residential mortgage foreclosure cases by authorizing referral of those cases to general magistrates based on implied consent of the parties, while providing an opportunity for objection by the parties.
Subdivision (a) (General Magistrates) of the rule currently provides for the appointment of general magistrates by judges of the circuit court. It requires every person appointed as a general magistrate to be a *779 member of The Florida Bar and to take the oath required of Constitutional officers, which must be recorded before the magistrate discharges the duties of the office. The amendment to subdivision (a) authorizes the chief judge of each judicial circuit to appoint the number of general magistrates needed to expeditiously preside over residential mortgage foreclosure actions and other related matters. The appointed magistrates must be members of The Florida Bar, but are not required to give bond or surety, as otherwise required by the rule.
Subdivision (c) (Reference) of the rule currently requires that no matter be referred to a magistrate without consent of the parties. The amendments authorize referral of residential mortgage foreclosure cases to a magistrate with the implied consent of the parties, but the parties are given the opportunity to object to the referral. This subdivision is also amended to provide language that must be included in bold type in the order of referral to ensure that the parties are given notice of the requirements of the rule. The amendments to this subdivision are modeled after Florida Family Law Rule of Procedure 12.490(b) and do not change the consent requirement for other civil cases.
Finally, we amend subdivision (d) (General Powers and Duties), as proposed, to prohibit magistrates appointed under the rule from practicing law of the same case type in the court in the county or circuit where the magistrate is appointed to serve.
Accordingly, Florida Rule of Civil Procedure 1.490 is amended as reflected in the appendix to the opinion. New language is indicated by underscoring; deletions are indicated by struck-through type. The amendments shall become effective immediately upon the release of this opinion. Because the amendments were not published for comment prior to their adoption, interested persons shall have sixty days from the date of this opinion in which to file comments with the Court.[4]
It is so ordered.
POLSTON, C.J., and PARIENTE, LEWIS, QUINCE, CANADY, LABARGA, and PERRY, JJ., concur.
APPENDIX
RULE 1.490 MAGISTRATES
(a) General Magistrates. Judges of the circuit court may appoint as many general magistrates from among the members of the Bar in the circuit as the judges *780 find necessary, and the general magistrates shall continue in office until removed by the court. The order making an appointment shall be recorded. Every person appointed as a general magistrate shall take the oath required of officers by the Constitution and the oath shall be recorded before the magistrate discharges any duties of that office. The chief .judge of each .judicial circuit shall appoint such number of magistrates to handle only residential mortgage foreclosures from among the members of the Bar in the circuit as are necessary to expeditiously preside over all actions and suits for the foreclosure of a mortgage on residential real property; and any other matter concerning the foreclosure of a mortgage on residential real property as allowed by the administrative order of the chief judge. Magistrates appointed to handle residential mortgage foreclosure matters only shall not be required to give bond or surety.
(b) [No Change]
(c) Reference.
(1) No reference shall be to a magistrate, either general or special, without the consent of the parties-, except consent to a magistrate for residential mortgage foreclosure actions and suits may be express or may be implied in accordance with the requirements of this rule.
(A) A written objection to the referral to a magistrate handling residential mortgage foreclosures must be filed within 10 days of the service of the order of referral.
(B) If the time set for the hearing is less than 10 days after service of the order of referral, the objection must be filed before commencement of the hearing.
(C) If the order of referral is served within the first 20 days after the service of the initial process, the time to file an objection is extended to the time within which to file a responsive pleading.
(D)Failure to file a written objection to a referral to the magistrate handling residential mortgage foreclosures within the applicable time period is deemed to be consent to the order of referral.
(2) The order of referral to a magistrate handling g residential mortgage foreclosures shall be in substantial conformity with this rule and shall contain the following language in bold type:
A REFERRAL TO A MAGISTRATE FOR A RESIDENTIAL MORTGAGE FORECLOSURE MATTER REQUIRES THE CONSENT OF ALL PARTIES. YOU ARE ENTITLED TO HAVE THIS MATTER HEARD BEFORE A JUDGE. IF YOU DO NOT WANT TO HAVE THIS MATTER HEARD BEFORE THE MAGISTRATE, YOU MUST FILE A WRITTEN OBJECTION TO THE REFERRAL WITHIN 10 DAYS OF THE TIME OF SERVICE OF THIS ORDER. IF THE TIME SET FOR THE HEARING IS LESS THAN 10 DAYS AFTER THE SERVICE OF THIS ORDER, THE OBJECTION MUST BE MADE BEFORE THE HEARING. IF THIS ORDER IS SERVED WITHIN THE FIRST 20 DAYS AFTER SERVICE OF PROCESS, THE TIME TO FILE AN OBJECTION IS EXTENDED TO THE TIME WITHIN WHICH A RESPONSIVE PLEADING IS DUE-FAILURE TO FILE A WRITTEN OBJECTION WITHIN THE APPLICABLE TIME PERIOD IS DEEMED TO BE CONSENT TO THE REFERRAL-REVIEW OF THE REPORT AND RECOMMENDATIONS MADE BY THE MAGISTRATE SHALL BE BY EXCEPTIONS AS PROVIDED IN *781 THIS RULE. A RECORD, WHICH INCLUDES A TRANSCRIPT OF PROCEEDINGS, MAY BE REQUIRED TO SUPPORT THE EXCEPTIONS.
When a reference is made to a magistrate, either party may set the action for hearing before the magistrate.
(d) General Powers and Duties. Every magistrate shall perform all of the duties that pertain to the office according to the practice in chancery and under the direction of the court. Process issued by a magistrate shall be directed as provided by law. Hearings before any magistrate, examiner, or commissioner shall be held in the county where the action is pending, but hearings may be held at any place by order of the court within or without the state to meet the convenience of the witnesses or the parties. All grounds of disqualification of a judge shall apply to magistrates. Magistrates shall not practice law of the same case type in the court in any county or circuit the magistrate is appointed to serve.
(e)-(h) [No Change]
Committee Notes
[No Change]

. We have jurisdiction. See art. V, § 2(a), Fla. Const.

. According to the petition filed in this case, a significant number of mortgage foreclosure cases are pending in Florida's trial courts and it is estimated that 680,000 new foreclosure cases will be filed over the next three years.

.In its April 10, 2013, report to the Court, the Workgroup identified systemic problems associated with the processing of mortgage foreclosure cases and made a number of other recommendations to address them. The Court has addressed those recommendations administratively and they are not before the Court here.

. All comments must be filed with the Court on or before July 8, 2013, with a certificate of service verifying that a copy has been served on the Commission Chair, The Honorable Margaret O. Steinbeck, Lee County Justice Center, 1700 Monroe Street, Fort Myers, Florida 33901-3071, msteinbeck@ca.cjis20. org, as well as a separate request for oral argument if the person filing the comment wishes to participate in oral argument, which may be scheduled in this case. The Commission Chair has until July 29, 2013 to file a response to any comments filed with the Court. If filed by an attorney in good standing with The Florida Bar, the comment must be electronically filed via the Portal in accordance with In re: Electronic Filing in the Supreme Court of Florida via the Florida Courts E-Filing Portal, Fla. Admin. Order No. AOSC13-7 (Feb. 18, 2013). If filed by a non-lawyer or a lawyer not licensed to practice in Florida, the comment must'be electronically filed via e-mail in accordance with In re Mandatory Submission of Electronic Copies of Documents, Fla. Admin. Order No. AOSC04-84 (Sept. 13, 2004). Electronically filed documents must be submitted in Microsoft Word 97 or higher. Any person unable to submit a comment electronically must mail or hand-deliver the originally signed comment to the Florida Supreme Court, Office of the Clerk, 500 South Duval Street, Tallahassee, Florida 32399-1927; no additional copies are required or will be accepted.