SILBERMAN, Judge.
In case number 2D11-4511, Deborah E. Focht seeks re-view of the final summary judgment of foreclosure entered in favor of Wells Fargo-Bank, N.A. In case number 2D11-4980, -Focht seeks review of the trial court’s subsequent orders denying her motion to stay and/or cancel the foreclosure sale and striking her notice of lis pendens. We reverse the final judgment of foreclosure because a genuine issue of material fact exists regarding Wells Fargo’s standing to enforce the note and mortgage. Because the foreclosure sale has already taken place, we dismiss the appeal in case number 2D11-4980 as moot.
In October 2002, Focht executed an adjustable rate note that was secured by a mortgage on her property in Nokomis, Florida. The original lender was BNC Mortgage, Inc., but the loan was later transferred into a trust for which Wells Fargo is the trustee. Wells Fargo filed a foreclosure complaint in January 2008. The complaint included a count to reestablish a lost note, but Wells Fargo produced and filed the original note in July 2008.
Wells Fargo subsequently filed a motion for summary judgment, and Focht filed a cross-motion for summary judgment based on numerous affirmative defenses which *310 included Wells Fargo’s lack of standing. At the hearing on the motions, Wells Fargo dismissed its. lost note claim. Wells Fargo asserted that it had standing by virtue of an assignment of the note and mortgage dated September 2008, which was several months after the complaint was filed. Wells Fargo alternatively asserted that it had standing as the holder of the original note endorsed in blank. In opposition to Focht’s cross-motion for summary judgment, counsel for Wells Fargo addressed Focht’s affirmative defenses and argued that each was either factually or legally insufficient.
The trial court granted Wells Fargo’s motion for summary judgment, denied Focht’s cross-motion for summary judgment, and entered a final judgment of foreclosure. Focht filed a notice of appeal of the final judgment and a motion to stay the foreclosure sale pending appeal and a notice of lis pendens. The trial court denied the motion to stay and granted Wells Fargo’s motion to strike the notice of lis pendens. Focht then filed a notice of appeal of those orders. The foreclosure sale took place in September 2011, and Wells Fargo was the successful bidder.
Focht makes several arguments on appeal. We reverse the final judgment in case number 2D11-4511 based on the existence of a genuine issue of material fact regarding Wells Fargo’s standing to enforce the note and mortgage at the time it filed the complaint. We reject the remainder of Focht’s arguments in that appeal without further discussion. And we dismiss the appeal in case number 2D11-4980 as moot because the foreclosure sale has already taken place.
A plaintiff who is not the original lender may establish standing to foreclose a mortgage loan by submitting a note with a blank or special endorsement, an assignment of the note, or an affidavit otherwise proving the plaintiffs status as the holder of the note.[1] McLean v. JP Morgan Chase Bank Nat’l Ass’n, 79 So.3d 170, 173 (Fla. 4th DCA 2012). But standing must be established as of the time of filing the foreclosure complaint. Country Place Cmty. Ass’n v. J.P. Morgan Mortg. Acq. Corp., 51 So.3d 1176, 1179 (Fla. 2d DCA 2010); McLean, 79 So.3d at 173. Thus, Wells Fargo’s submission of a postfiling assignment of the note and mortgage does not establish that it had standing when it filed the lawsuit. See Gonzalez v. Deutsche Bank Nat’l Trust Co., 95 So.3d 251, 253 (Fla. 2d DCA 2012); McLean, 79 So.3d at 173.
Wells Fargo alternatively argues that it established standing by submitting the original note endorsed in blank. See Cutler v. U.S. Bank Nat’l Ass’n, 109 So.3d 224, 225-26 (Fla. 2d DCA 2012); Everhome Mortg. Co. v. Janssen, 100 So.3d 1239, 1240 (Fla. 2d DCA 2012); Green v. JPMorgan Chase Bank, N.A., 109 So.3d 1285, 1288 (Fla. 5th DCA 2013). As with the assignment, however, Wells Fargo did not submit the original note until several months after it had filed the complaint. To establish standing as the holder of a note endorsed in blank, a party must be in possession of the original note. See § 671.201(21)(a), Fla. Stat. (2007) (defining “holder” as “[t]he person in possession of a negotiable instrument that is payable either to bearer or to an identified person that is the person in possession”); Everhome, 100 So.3d at 1240; Green, 109 So.3d at 1288. Thus, Wells Fargo was required *311 to submit evidence that it was in possession of the original note with the blank endorsement at the time it filed the complaint to establish standing. See Green, 109 So.Bd at 1288.
In this case, the blank endorsement, which is apparently located on the back of the note, did not get copied for the record. Thus, the record does not reflect whether the endorsement was dated. Even if it did bear a date that was prior to the filing of the complaint in January 2008, nothing in the record establishes that Wells Fargo was in possession of the note at the time the complaint was filed. Although Wells Fargo alleged in its unsworn complaint that it was the owner and holder of the note and mortgage, it asserted that the original note had been lost or destroyed and “is not now in the custody and control of [Wells Fargo].” Notably, the affidavit of indebtedness filed in support of summary judgment relies on the postfiling assignment for standing and states as follows: “By way of corporate assignment from BNC Mortgage, Inc., [Wells Fargo] now owns and holds the Note and Mortgage.” (Emphasis added.) No evidence established when Wells Fargo acquired the original note.
Wells Fargo noted that the trust in which Focht’s mortgage loan was held was created years before Wells Fargo filed the foreclosure action. But the record does not reflect that, at the time the trust was created, Focht’s mortgage loan was an asset of the trust. Thus, a genuine issue of material fact remains regarding standing that precludes the entry of summary judgment. See Cutler, 109 So.3d at 226 (reversing summary judgment where a plaintiff who was not the original lender filed a claim to reestablish a lost note with its foreclosure claim and subsequently found and filed the original note but failed to present evidence establishing when the plaintiff became the proper holder of the note); McLean, 79 So.3d at 174 (same).
Accordingly, we reverse the final judgment in case number 2D11^511 and remand for further proceedings, and we dismiss as moot the appeal in case number 2D11-4980. We also certify a question based on some of the same concerns articulated by Judge Altenbernd in his concurrence. We recognize that trial courts have been overwhelmed by foreclosure filings and that the number is' mounting.[2] See In re Amendments to Fla. R. Civ. P. 1.490, 113 So.3d 777, 778 (Fla.2013). And the supreme court has taken action to relieve the backlog of foreclosure cases by various means within its authority. See id. at 779; In re Certification of Need for Additional Judges, 29 So.3d 1110, 1115-16 (Fla.2010).
For our part, appellate courts have seen a recent influx of appeals in which defendants have successfully argued that the trial court erred in entering a foreclosure judgment in favor of the plaintiff because the plaintiff failed to establish standing at the time of filing. See, e.g., Cutler, 109 So.3d at 225; Gonzalez, 95 So.3d at 253-54; Green, 109 So.3d at 1288; McLean, 79 So.3d at 174. In many of these cases, the plaintiff presented unrefuted proof of standing acquired after filing but prior to the final hearing. See id. The appellate courts are nonetheless compelled to reverse based on the district courts’ application of a long line of supreme court cases applying the general principle that “the plaintiffs lack of standing at the inception of the case is not a defect that may be cured by the acquisition of standing after *312 the case is filed.” Progressive Express Ins. Co. v. McGrath Cmty. Chiropractic, 913 So.2d 1281, 1284-85 (Fla. 2d DCA 2005) (following Voges v. Ward, 98 Fla. 304, 123 So. 785 (1929), and Marianna & B.R. Co. v. Maund, 62 Fla. 538, 56 So. 670 (1911)); see also Jeff-Ray Corp. v. Jacobson, 566 So.2d 885, 886 (Fla. 4th DCA 1990) (following Marianna, 62 Fla. 538, 56 So. 670).
We note that the supreme court has not applied this standing principle in the exact context presented in this case. And we question whether, in light of the ongoing foreclosure crisis in this State, the supreme court would adhere to this principle in cases in which a plaintiff has acquired standing by the time judgment is entered. Accordingly, we certify the following question as one of great public importance:
CAN A PLAINTIFF IN A FORECLOSURE ACTION CURE THE INABILITY TO PROVE STANDING AT THE INCEPTION OF SUIT BY PROOF THAT THE PLAINTIFF HAS SINCE ACQUIRED STANDING?
Reversed and remanded.
DAVIS, C.J., Concurs.
ALTENBERND, J., Concurs with opinion.

. Case law focuses on standing to enforce the note, as opposed to the mortgage, because the mortgage generally passes as an incident to the debt. Cutler v. U.S. Bank Nat’l Ass’n, 109 So.3d 224, 225 (Fla. 2d DCA 2012).

. The Trial Court Budget Commission has filed a petition with the Florida Supreme Court estimating that there will be 680,000 foreclosure cases initiated during the next three years. In re Amendments to Fla. R. Civ. P. 1.490, 113 So.3d 777, 778 n. 2 (Fla.2013).