# Supreme Court of Florida

_____

No. SC13-684

_____

**IN RE:  AMENDMENTS TO FLORIDA RULE OF CIVIL PROCEDURE 1.490 AND NEW FLORIDA RULE OF CIVIL PROCEDURE 1.491.**

[March 13, 2014]

PER CURIAM.

Previously in this case, the Court amended Florida Rule of Civil Procedure 1.490 (Magistrates), as proposed by the Trial Court Budget Commission (Commission), and published those amendments for comments.  See In re Amend. Fla. Rule Civ. Pro. 1.490, 113 So. 3d 777 (Fla. 2013).  After considering the comments filed with the Court and the Commission's response, we essentially move the amendments to rule 1.490 adopted in our May 9, 2013, opinion to a new Florida Rule of Civil Procedure 1.491 (General Magistrates for Residential Foreclosure Matters).[1]

As was the case with the May 9, 2013, amendments to rule 1.490, new rule 1.491 is adopted to help alleviate the residential mortgage foreclosure case backlog

_____

1.  We have jurisdiction.  See art. V, § 2(a), Fla. Const.

Florida courts are facing by expanding the use of general magistrates in mortgage foreclosure cases by authorizing referral of those cases to general magistrates based on implied consent of the parties. Id. at 778-79. The deletion of the amendments to rule 1.490 and adoption of new rule 1.491 were suggested by the Florida Bar's Civil Procedure Rules Committee (Rules Committee) in its comment filed in this case. The Commission does not oppose moving the rules governing general magistrates for residential foreclosure matters to a new rule, but offers its own proposals.

After considering the proposed amendments offered by the Rules Committee and the proposals offered by Commission, we amend rule 1.490 and adopt new rule 1.491, as proposed by the Commission. The majority of the prior amendments to rule 1.490 are deleted and moved to new rule 1.491. As urged by the Commission, we retain the amendment to rule 1.490(d) that prohibits magistrates from practicing in the same case type. This is consistent with new rule 1.491(c) which governs magistrates appointed to residential mortgage foreclosure matters. Also, as proposed by the Commission, in order to clarify the time periods for objecting to a referral, new rule 1.491(b)(1)(A) is adopted to read, "A written objection to the referral to a magistrate handling residential mortgage foreclosures must be filed within 10 days of the service of the order of referral or within the time to respond to the initial pleading, whichever is later." (Emphasis added). The

remainder of new rule 1.491 essentially mirrors the provisions governing general magistrates for residential foreclosure matters being deleted from rule 1.490.

We again thank the Commission and the Commission's Foreclosure Initiative Workgroup for their efforts in assisting the Court in addressing Florida's residential mortgage foreclosure case backlog. We also thank the Civil Procedure Rules Committee for its valuable input on the rules.[2]

Accordingly, the Florida Rules of Civil Procedure are amended as reflected in the appendix to the opinion. New language is indicated by underscoring; deletions are indicated by struck-through type. The amendments shall become effective immediately upon the release of this opinion.

It is so ordered.

POLSTON, C.J., and PARIENTE, LEWIS, QUINCE, CANADY, LABARGA, and PERRY, JJ., concur.

THE FILING OF A MOTION FOR REHEARING SHALL NOT ALTER THE EFFECTIVE DATE OF THESE AMENDMENTS.

Original Proceeding – Florida Rules of Civil Procedure

Honorable Margaret O. Steinbeck, Chair, Trial Court Budget Commission, Punta Gorda, Florida, and Susan Dawson, Senior Attorney, Office of the State Courts Administrator, Tallahassee, Florida,

---

2. If the Rules Committee determines that new rule 1.491 should be amended in light of amendments to rule 1.490 that the Court adopted after the Committee suggested the adoption of the new rule in this case, the Committee should file a new report proposing the amendments. See In re Amend. Fla. Rules Civ. Pro., 38 Fla. L. Weekly S836 (Fla. Nov. 14, 2013).

for Petitioner

## APPENDIX

## RULE 1.490    MAGISTRATES

(a)    **General Magistrates.** Judges of the circuit court may appoint as many general magistrates from among the members of the Bar in the circuit as the judges find necessary, and the general magistrates shall continue in office until removed by the court. The order making an appointment shall be recorded. Every person appointed as a general magistrate shall take the oath required of officers by the Constitution and the oath shall be recorded before the magistrate discharges any duties of that office. ~~The chief judge of each judicial circuit shall appoint such number of magistrates to handle only residential mortgage foreclosures from among the members of the Bar in the circuit as are necessary to expeditiously preside over all actions and suits for the foreclosure of a mortgage on residential real property; and any other matter concerning the foreclosure of a mortgage on residential real property as allowed by the administrative order of the chief judge. Magistrates appointed to handle residential mortgage foreclosure matters only shall not be required to give bond or surety.~~

(b)    **[No Change]**

(c)    **Reference.**

~~(1)~~    No reference shall be to a magistrate, either general or special, without the consent of the parties~~, except consent to a magistrate for residential mortgage foreclosure actions and suits may be express or may be implied in accordance with the requirements of this rule~~.

~~(A)    A written objection to the referral to a magistrate handling residential mortgage foreclosures must be filed within 10 days of the service of the order of referral.~~

~~(B)    If the time set for the hearing is less than 10 days after service of the order of referral, the objection must be filed before commencement of the hearing.~~
~~(C)    If the order of referral is served within the first 20 days after the service of the initial process, the time to file an objection is extended to the time within which to file a responsive pleading.~~

(D) Failure to file a written objection to a referral to the magistrate handling residential mortgage foreclosures within the applicable time period is deemed to be consent to the order of referral.

(2) The order of referral to a magistrate handling residential mortgage foreclosures shall be in substantial conformity with this rule and shall contain the following language in bold type:

A REFERRAL TO A MAGISTRATE FOR A RESIDENTIAL MORTGAGE FORECLOSURE MATTER REQUIRES THE CONSENT OF ALL PARTIES. YOU ARE ENTITLED TO HAVE THIS MATTER HEARD BEFORE A JUDGE. IF YOU DO NOT WANT TO HAVE THIS MATTER HEARD BEFORE THE MAGISTRATE, YOU MUST FILE A WRITTEN OBJECTION TO THE REFERRAL WITHIN 10 DAYS OF THE TIME OF SERVICE OF THIS ORDER. IF THE TIME SET FOR THE HEARING IS LESS THAN 10 DAYS AFTER THE SERVICE OF THIS ORDER, THE OBJECTION MUST BE MADE BEFORE THE HEARING. IF THIS ORDER IS SERVED WITHIN THE FIRST 20 DAYS AFTER SERVICE OF PROCESS, THE TIME TO FILE AN OBJECTION IS EXTENDED TO THE TIME WITHIN WHICH A RESPONSIVE PLEADING IS DUE. FAILURE TO FILE A WRITTEN OBJECTION WITHIN THE APPLICABLE TIME PERIOD IS DEEMED TO BE CONSENT TO THE REFERRAL. REVIEW OF THE REPORT AND RECOMMENDATIONS MADE BY THE MAGISTRATE SHALL BE BY EXCEPTIONS AS PROVIDED IN THIS RULE. A RECORD, WHICH INCLUDES A TRANSCRIPT OF PROCEEDINGS, MAY BE REQUIRED TO SUPPORT THE EXCEPTIONS.

When a reference is made to a magistrate, either party may set the action for hearing before the magistrate.

(d) – (j)     [No Change]

**Committee Notes**

**[No Change]**

**Court Commentary**

**[No Change]**

## RULE 1.491.       GENERAL MAGISTRATES FOR RESIDENTIAL FORECLOSURE MATTERS

**(a)**      **General Magistrates.** Judges of the circuit court may appoint as many general magistrates from among the members of the Bar in the circuit as the judges find necessary, and the general magistrates shall continue in office until removed by the court. The order making an appointment shall be recorded. Every person appointed as a general magistrate shall take the oath required of officers by the Constitution and the oath shall be recorded before the magistrate discharges any duties of that office. The chief judge of each judicial circuit shall appoint such number of magistrates to handle only residential mortgage foreclosures from among the members of the Bar in the circuit as are necessary to expeditiously preside over all actions and suits for the foreclosure of a mortgage on residential real property; and any other matter concerning the foreclosure of a mortgage on residential real property as allowed by the administrative order of the chief judge. Magistrates appointed to handle residential mortgage foreclosure matters only shall not be required to give bond or surety.

**(b)**      **Reference.**

(1)      No reference shall be to a magistrate, either general or special, without the consent of the parties, except consent to a magistrate for residential mortgage foreclosure actions and suits may be express or may be implied in accordance with the requirements of this rule.

(A)      A written objection to the referral to a magistrate handling residential mortgage foreclosures must be filed within 10 days of the service of the order of referral or within the time to respond to the initial pleading, whichever is later.

(B)      If the time set for the hearing is less than 10 days after service of the order of referral, the objection must be filed before commencement of the hearing.

(C)      Failure to file a written objection to a referral to the magistrate handling residential mortgage foreclosures within the applicable time period is deemed to be consent to the order of referral.

(2)     The order of referral to a magistrate handling residential mortgage foreclosures shall be in substantial conformity with this rule and shall contain the following language in bold type:

A REFERRAL TO A MAGISTRATE FOR A RESIDENTIAL MORTGAGE FORECLOSURE MATTER REQUIRES THE CONSENT OF ALL PARTIES. YOU ARE ENTITLED TO HAVE THIS MATTER HEARD BEFORE A JUDGE. IF YOU DO NOT WANT TO HAVE THIS MATTER HEARD BEFORE A MAGISTRATE, YOU MUST FILE A WRITTEN OBJECTION TO THE REFERRAL WITHIN 10 DAYS OF THE TIME OF SERVICE OF THIS ORDER OR WITHIN THE TIME TO RESPOND TO THE INITIAL PLEADING, WHICHEVER IS LATER. IF THE TIME SET FOR THE HEARING IS LESS THAN 10 DAYS AFTER THE SERVICE OF THIS ORDER, THE OBJECTION MUST BE MADE BEFORE THE HEARING. FAILURE TO FILE A WRITTEN OBJECTION WITHIN THE APPLICABLE TIME PERIOD IS DEEMED TO BE CONSENT TO THE REFERRAL. REVIEW OF THE REPORT AND RECOMMENDATIONS MADE BY THE MAGISTRATE SHALL BE BY EXCEPTIONS AS PROVIDED IN THIS RULE. A RECORD, WHICH INCLUDES A TRANSCRIPT OF PROCEEDINGS, MAY BE REQUIRED TO SUPPORT THE EXCEPTIONS.

When a reference is made to a magistrate, either party may set the action for hearing before the magistrate.

**(c)     General Powers and Duties.** Every magistrate shall perform all of the duties that pertain to the office according to the practice in chancery and under the direction of the court. Process issued by a magistrate shall be directed as provided by law. Hearings before any magistrate, examiner, or commissioner shall be held in the county where the action is pending, but hearings may be held at any place by order of the court within or without the state to meet the convenience of the witnesses or the parties. All grounds of disqualification of a judge shall apply to magistrates. Magistrates shall not practice law of the same case type in the court or circuit the magistrate is appointed to serve.

**(d)     Hearings.** The magistrate shall assign a time and place for proceedings as soon as reasonably possible after the reference is made and give

notice to each of the parties. If any party fails to appear, the magistrate may proceed ex parte or may adjourn the proceeding to a future day, giving notice to the absent party of the adjournment. The magistrate shall proceed with reasonable diligence in every reference and with the least practicable delay. Any party may apply to the court for an order to the magistrate to speed the proceedings and to make the report and to certify to the court the reason for any delay. Unless otherwise ordered by the court, all hearings shall be held in the courthouse of the county where the action is pending. The evidence shall be taken by the magistrate or by some other person under the magistrate's authority in the magistrate's presence and shall be filed with the magistrate's report. The magistrate shall have authority to examine the parties on oath upon all matters contained in the reference and to require production of all books, papers, writings, vouchers, and other documents applicable to it and to examine on oath orally all witnesses produced by the parties. The magistrate shall admit evidence by deposition or that is otherwise admissible in court. The magistrate may take all actions concerning evidence that can be taken by the court and in the same manner. All parties accounting before a magistrate shall bring in their accounts in the form of accounts payable and receivable, and any other parties who are not satisfied with the account may examine the accounting party orally or by interrogatories or deposition as the magistrate directs. All depositions and documents that have been taken or used previously in the action may be used before the magistrate.

**(e)** **Magistrate's Report.** The provisions for the requirement of the magistrate's report in rule 1.490 shall apply to proceedings under this rule.

**(f)** **Filing Report; Notice; Exceptions.** The provisions for filing the report, notice, and exceptions to the report, including requirements for a record, in rule 1.490 shall apply to proceedings under this rule.

### Committee Notes

**2014 Adoption.** This rule is the result of an emergency petition by the Trial Court Budget Commission and is intended to alleviate the backlog of residential mortgage foreclosure cases that Florida courts are currently facing.