DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**LAURA T. HEPWORTH** and **MICHAEL E. HEPWORTH,**
Appellants,

v.

**WELLS FARGO BANK, N.A., AS TRUSTEE FOR OPTION ONE
MORTGAGE LOAN TRUST 2006-1, ASSET-BACKED CERTIFICATES,
SERIES 2006-1,**
Appellee.

No. 4D13-4056

[December 9, 2015]

Appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm
Beach County; John J. Hoy, Judge; L.T. Case No.
502009CA018458XXXXMB.

Thomas Erskine Ice of Ice Appellate, Royal Palm Beach, for appellants.

Eve A. Cann of Baker, Donelson, Bearman, Caldwell & Berkowitz, PC,
Fort Lauderdale, for appellee.

MAY, J.

Borrowers appeal a final judgment of foreclosure. They argue Wells
Fargo's witness was unqualified to testify concerning business records.
We disagree and affirm on this issue. The borrowers next argue Wells
Fargo lacked standing. We agree with the borrowers on the standing issue
and reverse.

The borrowers executed a note and mortgage with Homefield Financial,
Inc. ("Homefield") on October 4, 2005. The borrowers failed to make their
monthly payment and in May 2009, Wells Fargo filed a two-count
complaint seeking to foreclose on the mortgage and reestablish the lost
note. Wells Fargo alleged that it was "the legal and/or equitable owner
and holder of the Note and Mortgage and has the right to enforce the loan
documents." It also alleged that it was "not in possession of the subject
Promissory Note and . . . cannot reasonably obtain possession of said Note
because it is lost, stolen, or destroyed."

Attached to the complaint was a copy of the note, mortgage, and an assignment of mortgage. The assignment of mortgage was signed October 6, 2005 and assigned both the note and mortgage from Homefield to Option One Mortgage Corporation, a California Corporation ("Option One").[1] The note was unendorsed.

The borrowers filed a pro se answer. They later retained counsel and filed an amended answer and asserted several affirmative defenses, including lack of standing. In July 2013, Wells Fargo dismissed the lost note count.

In September 2013, Wells Fargo filed its notice of trial exhibits, and noted that the original note contained three allonges, which were not attached to the note attached to the original complaint. The first allonge is undated and contains a blank endorsement from Homefield. The second allonge is dated September 13, 2005, with a note date of September 13, 2005, and is specially endorsed from Homefield to Option One.[2] It has a different loan number than the loan number on the note. The third allonge is also dated September 13, 2005, with a note date of September 13, 2005, and is specially endorsed from Option One to Wells Fargo Bank N.A., as Trustee. It also has a different loan number than the loan number on the note.

At the non-jury trial, Wells Fargo introduced a limited power of attorney, default notice, original note and mortgage, pooling and servicing agreement ("PSA"), payment history, and notice of servicing transfer. The power of attorney named Ocwen Loan Servicing, LLC ("Ocwen") in its capacity as servicer as attorney-in-fact. The note contained the three above described allonges. The PSA lists Option One as the Master Servicer, Option One Mortgage Acceptance Corporation as the Depositor, and Wells Fargo Bank, N.A., as the Trustee. The PSA is dated January 1, 2006.

The PSA's alleged mortgage loan schedule is redacted, except for one line that has the borrowers' loan information on it. The mortgage loan schedule contains the loan number that was on the second and third allonges, but is different from the loan number on the original note and first allonge. The note has loan number xxxxxx0133 and the mortgage loan schedule has loan number xxxxx0728.

Wells Fargo offered the testimony of a loan analyst for Ocwen. The analyst testified that Ocwen had been the current servicer of the loan since

---

[1] Wells Fargo did not introduce the assignment of mortgage at the non-jury trial.
[2] These dates predate the executed note and mortgage.

October 2012.  Homeward Residential ("Homeward") was the prior servicer, but Ocwen purchased Homeward.  Every document in Ocwen's servicing system was a business record because it relies on the records to conduct its business.  As a loan analyst, the witness reviews business records and loan documents, and appears for court mediation and depositions.[3]

The analyst testified that records showed Option One took possession of the original promissory note on October 21, 2005.  The note was transferred from Homefield to Option One to the PSA trust through the PSA.  The physical note then went to the custodian for the PSA trust.  He noted that the PSA trust had a closing date of February 3, 2006, but said he had no personal knowledge of when the note was physically transferred into the trust, absent business records that make it appear as though it was at some point.  The analyst did not know when the allonges were executed or when they were affixed to the back of the note.

Wells Fargo rested and the borrowers moved for involuntary dismissal. They argued the analyst lacked familiarity with the requisite departments and how payments were processed and had no personal knowledge of some departments.  The trial court denied the motion and the borrowers rested.  The court entered final judgment of foreclosure in favor of Wells Fargo.  From this judgment the borrowers have appealed.

The borrowers argue Wells Fargo failed to prove standing at the time of filing suit because it failed to prove when Wells Fargo took possession of the note. Wells Fargo responds that it had standing to foreclose as a holder of the note.  It proved standing by producing the original note bearing a special endorsement in its favor.  The borrowers reply that Wells Fargo's analyst readily admitted he had no knowledge of when the allonge endorsements were created or when the allonges were affixed to the note. We agree with the borrowers that Wells Fargo failed to establish standing and reverse.

We have de novo review of the standing issue.  *Dixon v. Express Equity Lending Grp., LLLP*, 125 So. 3d 965, 967 (Fla. 4th DCA 2013) (citation omitted).

"The first lesson in 'Foreclosures 101':  a lender must prove it had standing before the complaint is filed to foreclose on a mortgage." *Peoples v. Sami II Trust 2006-AR6*, 40 Fla. L. Weekly D2328, D2328 (Fla. 4th DCA Oct. 14, 2015).  "[S]tanding may be established from the plaintiff's status

---

[3] Because we decide the case on the standing issue, we have not included much of the analyst's testimony that served as the basis for the borrowers' first issue.

as the note holder, regardless of any recorded assignments." *McLean v. JP Morgan Chase Bank Nat'l Ass'n*, 79 So. 3d 170, 173 (Fla. 4th DCA 2012). "If the note does not name the plaintiff as the payee, the note must bear a special endorsement in favor of the plaintiff or a blank endorsement." *Id.* The plaintiff may also show "an affidavit of ownership to prove its status as the holder of the note." *Id.*

"A *plaintiff alleging standing as a holder* must prove it is a holder of the note and mortgage both as of the time of trial and also that [it] had standing as of the time the foreclosure complaint was filed." *Kiefert v. Nationstar Mortg., LLC*, 153 So. 3d 351, 352 (Fla. 1st DCA 2014) (emphasis added).

> Such a plaintiff must prove not only physical possession of the original note but also, if the plaintiff is not the named payee, possession of the original note endorsed in favor of the plaintiff or in blank (which makes it bearer paper). If the foreclosure plaintiff is not the original, named payee, the plaintiff must establish that the note was endorsed (either in favor of the original plaintiff or in blank) before the filing of the complaint in order to prove standing as a holder.

*Id.* at 353 (internal citations omitted). "A plaintiff's lack of standing at the inception of the case is not a defect that may be cured by the acquisition of standing after the case is filed and cannot be established retroactively by acquiring standing to file a lawsuit after the fact." *LaFrance v. U.S. Bank Nat'l Ass'n*, 141 So. 3d 754, 756 (Fla. 4th DCA 2014) (citation omitted) (internal quotation marks omitted).

Here, Wells Fargo argues it proved standing because it "asserted in its complaint that it owned and held the note and mortgage, and produced the original note bearing a specific endorsement [in its favor]. Clearly, it met the burden established through Florida case law." However, when Wells Fargo filed the complaint, it attached a copy of the note, which was in favor of Homefield and unendorsed. Wells Fargo did not file the original note with the three either undated or pre-note-execution-dated allonges until the trial date. This alone is insufficient to establish standing at the case's inception. *Tilus v. AS Michai LLC*, 161 So. 3d 1284, 1286 (Fla. 4th DCA 2015) (citing *Bristol v. Wells Fargo Bank, Nat'l Ass'n*, 137 So. 3d 1130, 1132 (Fla. 4th DCA 2014)).

Wells Fargo also argues the chain of allonges attached to the original note proved standing, but this argument also fails. The first allonge contained a blank endorsement from Homefield, but it was undated and

not affixed to the note when the complaint was filed. *See* § 673.2041(1), Fla. Stat. (2013). The second and third allonges show a chain of endorsements from Homefield to Option One to Wells Fargo, but they are dated before the original note was executed, contain a different loan number than is found on the original note, and have a different note execution date than is found on the original note. *See Cutler v. U.S. Bank Nat'l Ass'n*, 109 So. 3d 224, 225–26 (Fla. 2d DCA 2012).

Wells Fargo could have proved through its analyst that it owned or held the note prior to filing the complaint because the endorsement occurred prior to filing the complaint. *See Sosa v. U.S. Bank Nat'l Ass'n*, 153 So. 3d 950, 951 (Fla. 4th DCA 2014). But, the analyst testified that he did not know when the allonges were executed or when they were affixed to the back of the original note.

Finally, Wells Fargo argues it established standing through the PSA, but this also fails. There is no evidence that PSA Depositor Option One Mortgage Acceptance Corporation (different from Option One Mortgage Corporation) had the right to deposit the subject note and mortgage into the PSA trust. Moreover, the PSA trust had an opening date of January 1, 2006. Testimony established a closing date before the complaint was filed, but there is no evidence the subject note was transferred into the trust. The loan number in the PSA's mortgage loan schedule is different from the one on the original note and the original note's loan number is not found on the schedule. *Jarvis v. Deutsche Bank Nat'l Trust Co.*, 169 So. 3d 194, 196 (Fla. 4th DCA 2015) ("[E]vidence that the note was physically transferred into a trust prior to [the plaintiff] filing its foreclosure complaint does not, by itself, establish standing.").

Put simply, Wells Fargo failed to establish standing at the time the complaint was filed. We therefore reverse and remand the case for entry of judgment in favor of the borrowers. *Murray v. HSBC Bank USA*, 157 So. 3d 355, 359 (Fla. 4th DCA 2015).

*Reversed and Remanded.*

GROSS and CONNER, JJ., concur.

*       *       *

**Not final until disposition of timely filed motion for rehearing.**