# Third District Court of Appeal

## State of Florida

Opinion filed July 6, 2016.
Not final until disposition of timely filed motion for rehearing.

_____

Nos. 3D15-593 & 3D15-305
Lower Tribunal No. 07-1631-K

_____

**Wells Fargo Bank, N.A.,**
Appellant,

vs.

**Scott Russell, et al.,**
Appellees.

Appeals from the Circuit Court for Monroe County, James M. Barton, II and Donald C. Evans, Senior Judges.

Carlton Fields Jorden Burt and Michael K. Winston and Dean A. Morande (West Palm Beach), for appellant.

Smith | Oropeza | Hawks and Christopher B. Deem and Barton W. Smith (Key West), for appellees.

Before SALTER, FERNANDEZ and SCALES, JJ.

SALTER, J.

Wells Fargo Bank, N.A., appeals a final summary judgment in favor of the mortgagors/appellees, Scott and Marilyn Russell, and an order awarding the Russells their attorney's fees incurred in the underlying residential foreclosure action. We reverse as to each of these rulings, and we remand the case for further proceedings.

I.    Facts and Procedural Background

In this otherwise-routine foreclosure, post-filing transactions involving a mortgage left a trail difficult for the special magistrate and trial judge to interpret. In the original 2007 complaint, Wells Fargo alleged that it was the servicer for the owner and had authority as the designated holder of the note and mortgage to pursue enforcement. A copy of the note, with an undated endorsement in blank by the original lender (Gateway Funding) was attached to the complaint, but Wells Fargo alleged in a separate count that it "was in possession of the Mortgage Note and entitled to enforce it when loss of possession occurred or [Wells Fargo] has been assigned the right to enforce the Mortgage Note. (See the attached true copy of the Note.)"

Thereafter, a default was entered against the Russells, and Wells Fargo voluntarily dismissed the count seeking "re-establishment of lost note." Wells Fargo filed the original note bearing the endorsement in blank and moved for final summary judgment. Before a judgment of foreclosure was entered, however, an

2

attorney for the Russells entered an appearance in the case and filed an opposition to the motion for summary judgment raising (among other alleged issues) Wells Fargo's lack of standing.  In June 2011, the trial court denied Wells Fargo's motion for summary judgment based on an error in the legal description and in order to allow the parties to mediate.

When Wells Fargo sought to proceed on an amended complaint, the Russells opposed amendment and moved to dismiss the case with prejudice.  In 2013, that motion was denied and Wells Fargo was permitted to amend its complaint.  The Russells answered and filed affirmative defenses, including an allegation that Wells Fargo lacked standing at the inception of the case because "[t]he Assignment of Mortgage attached to [Wells Fargo's Amended] Complaint shows an execution date occurring almost four years after the Complaint was filed."  The Russells then moved for summary final judgment in their favor based on (a) Wells Fargo's failure to provide the Russells thirty days within which to cure any default before commencing the foreclosure action, and (b) the alleged lack of standing at inception of the lawsuit.[1]

Approximately two weeks before the scheduled trial in the case, the assigned special magistrate heard the Russells' motion for summary judgment and recommended that it be granted.  The trial court agreed.  This appeal followed.

---

[1] The Russells raised other issues that are not pertinent to this appeal.

3

II.    Analysis[2]

The final summary judgment was granted based on an affirmative defense that Wells Fargo lacked standing to enforce the note and mortgage when it filed the complaint and amended complaint.  The final summary judgment cited <u>Focht v. Wells Fargo Bank, N.A.</u>, 124 So. 3d 308 (Fla. 2d DCA 2013), a case in which a final summary judgment in favor of the lender was reversed "because a genuine issue of material fact exists regarding Wells Fargo's standing to enforce the note and mortgage." <u>Id.</u> at 309.  In <u>Focht</u>, the Second District did not determine that issue of fact, and instead remanded the case for further proceedings.

In the present case, the Russells have not established that Wells Fargo lacked standing at the inception of the lawsuit, that Wells Fargo did not possess the promissory note when it commenced the lawsuit, or that the Russells are entitled to summary judgment.  The 2011 assignment of mortgage upon which the Russells rely does not demonstrate that Wells Fargo was not the owner and holder of the promissory note secured by the mortgage when the complaint was filed, or that Wells Fargo was not a servicer or other agent authorized to enforce the note and mortgage.    The Russells apparently assume that the recordation of the assignment of <u>mortgage</u> to Wells Fargo in 2011 must mean that the <u>note</u> was held by the assignor (rather than by Wells Fargo) prior to that time, but the pleadings and

---

[2] Our standard of review in an appeal from a final summary judgment is sufficiently well-publicized that we decline to add the usual paragraph.

exhibits relied upon by the Russells themselves concede the contrary, and the original promissory note endorsed by the original noteholder was filed well before the assignment of mortgage.[3] "Case law focuses on standing to enforce the note, as opposed to the mortgage, because the mortgage generally passes as an incident to the debt." Id. at 310 n.1 (citing Cutler v. U.S. Bank Nat'l Ass'n, 109 So. 3d 224, 225 (Fla. 2d DCA 2012)).

The special magistrate and trial judge apparently concluded that the more complicated provenance of the mortgage—from Gateway Funding, with Mortgage Electronic Registration Systems, Inc. (MERS), as a nominee for Gateway and its successors (when the loan was closed in 2003), to Wells Fargo (in October 2011)—should control the standing analysis. It does not. Wells Fargo's obligation to demonstrate standing, whether in its own motion for summary judgment or at trial on remand, is to prove the allegations in its complaint: it is the holder of the note and is entitled to enforce the security instrument which secures repayment of that note. Hepworth v. Wells Fargo Bank, N.A., 180 So. 3d 1170, 1173 (Fla. 4th DCA 2015) ("[S]tanding may be established from the plaintiff's status as the note holder, regardless of any recorded assignments. If the note does not name the

---

[3] The assignment of mortgage was dated and notarized October 3, 2011. A copy of the original note, endorsed in blank by the original lender, was attached to the original complaint filed December 6, 2007. The original note, bearing the same endorsement in blank, was filed with the trial court on August 17, 2010, over a year before the assignment.

plaintiff as the payee, the note must bear a special endorsement in favor of the plaintiff or a blank endorsement." (alteration in original) (quoting McLean v. JP Morgan Chase Bank Nat'l Ass'n, 79 So. 3d 170, 173 (Fla. 4th DCA 2012))).

On the face of the summary judgment evidence in this case, Wells Fargo possessed the original note, endorsed in blank, in 2007 as the case was filed.[4] The Russells were not entitled to a summary judgment on their affirmative defense alleging lack of standing.

III.   Conclusion

The final summary judgment is reversed and remanded to the trial court for further proceedings consistent with this opinion. It follows that the order awarding attorney's fees to the Russells as prevailing parties must also be vacated, without prejudice to the right of the ultimately-prevailing party or parties to seek attorney's fees following remand.

Final summary judgment reversed and remanded; order awarding attorney's fees vacated.

---

[4] The Legislature has codified the requirements for establishing possession of the promissory note in residential foreclosure cases. See § 702.015, Fla. Stat. (2013). The statute applies to cases filed on or after July 1, 2013. In 2014, the Florida Supreme Court adopted rule 1.115 of the Florida Rules of Civil Procedure to give effect to section 702.015.