NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

LAWRENCE STROMINGER and )
ADRIANA STROMINGER, )
                          )
        Appellants, )
                          )
v. ) Case No. 2D15-2788
                          )
THE BANK OF NEW YORK, as Trustee )
for the Certificateholders of the CWABS )
Inc. Asset-Based Certificates, Series )
2006-IMI, )
        Appellee. )
_____ )

Opinion filed August 3, 2016.

Appeal from the Circuit Court for
Hillsborough County; Sandra Taylor, Judge.

Robert E. Biasotti and Christine R. O'Neil
of Biasotti and Associates, St. Petersburg,
for Appellants.

Allyson L. Smith of Albertelli Law, Tampa,
for Appellee.


CRENSHAW, Judge.

        Lawrence and Adriana Strominger appeal the final judgment of mortgage

foreclosure entered against them and in favor of the Bank of New York, as Trustee for

the Certificateholders of the CWABS Inc. Asset-based Certificates, Series 2006-IMI (the

Bank).  Because the Bank failed to prove it had standing to foreclose at the inception of the case, we reverse and remand for dismissal.

This court employs a de novo standard of review to determine whether a party has standing to bring a mortgage foreclosure action.  St. Clair v. U.S. Bank Nat'l Ass'n, 173 So. 3d 1045, 1046 (Fla. 2d DCA 2015).  A plaintiff seeking to foreclose must prove it had standing at the time the foreclosure complaint was filed.  Focht v. Wells Fargo Bank, N.A., 124 So. 3d 308, 310 (Fla. 2d DCA 2013).  "A plaintiff who is not the original lender may establish standing to foreclose a mortgage loan by submitting a note with a blank or special endorsement, an assignment of the note, or an affidavit otherwise proving the plaintiff's status as the holder of the note."  Id.

At a February 2015 trial, the Bank of New York relied on two documents to prove it had standing.  The first document was an assignment that the trial court previously determined was fraudulent and "not entitled to introduction in evidence for any purpose."  The second document was a bailee letter dated October 6, 2005.  The bailee letter acknowledges an agreement between Countrywide Home Loans and Impac Funding, and it identifies a wiring account number to the Bank of New York, where Countrywide has an account.  Both documents fail to prove that the Bank had possession of the note at the time it filed the original complaint in November 2007.  Because the Bank failed to prove it had standing to enforce the note at the time the initial complaint was filed, we reverse the final judgment of mortgage foreclosure and remand for dismissal.

Reversed and remanded.

CASANUEVA and KELLY, JJ., Concur.