WINOKUR, J.,
concurring.
I concur with the majority opinion that reversal is required under a substantial body of case law regarding standing at the time a foreclosure proceeding is filed. In doing so, I agree with the observations of Judge Altenbernd in Focht v. Wells Fargo Bank, N.A., 124 So.3d 308, 312 (Fla. 2d DCA 2013) (Altenbernd, J., concurring) (observing that “[t]he courts have erroneously transformed what should be a defendant’s affirmative defense, permitting the defendant to avoid a judgment of foreclosure by a plaintiff who is a stranger to the note, into'a jurisdictional prerequisite that must be established by the plaintiff to avoid a dismissal of the action”); and Judge Lucas in Corrigan v. Bank of America, N.A., 189 So.3d 187, 191 (Fla. 2d DCA *835 2016) (Lucas, J., concurring) (questioning “the rationale of applying the affirmative defense of standing as if it were a jurisdictional prerequisite” and noting that the “unwavering adherence to this standing-at-inception requirement imposes inequities in foreclosure cases and, in my opinion, has led the rule astray from whatever its underlying purpose may have been”).
The Focht court certified the following question of great public importance to the Florida Supreme Court: “Can a plaintiff in a foreclosure action cure the inability to prove standing at the inception of suit by proof that the plaintiff has since acquired standing?” Focht, 124 So.3d at 312. I believe the answer to that question- ought to be in the affirmative. But unless -the Supreme Court agrees, I am constrained to concur in the majority opinion.