707 So.2d 886 (1998)
F.E. BOOKER, Appellant,
v.
SARASOTA, INC., d/b/a Credit Management, et al., Appellee.
No. 97-2255.
District Court of Appeal of Florida, First District.
March 6, 1998.
*887 M.J. Menge of Shell, Fleming, Davis & Menge, Pensacola, for Appellant.
Stephen M. Guttmann, Pensacola, for Appellee.
KAHN, Judge.
F.E. Booker brings this appeal from a final summary judgment entered by the trial court in favor of appellee Sarasota, Inc. We must reverse because Sarasota, Inc. did not establish the absence of all material disputed facts.
On January 14, 1994, Sarasota, Inc. brought this action alleging Booker's execution and delivery of a $90,000 note in favor of Citizens and Builders Federal Savings Bank of Pensacola (Citizens and Builders), and further alleging that as a result of Citizens and Builders' receivership, Resolution Trust Corporation assigned the promissory note to Sarasota, Inc. A photocopy of the note is attached to the complaint. Also attached is a photocopy of an allonge[*] purporting to endorse a note to Sarasota, Inc. by Resolution Trust Corporation as receiver for Great Life Federal Savings Association of Sunrise, Florida. As one of his affirmative defenses to the complaint, Booker alleged that although the promissory note purported to be a balloon note payable in full on April 27, 1991, Citizens and Builders had agreed to renew the promissory note on the same terms if Booker was current in his payments on the date of the scheduled balloon payment.
*888 Sarasota, Inc. sought summary judgment and attached to its motion the original of the note and the allonge identifying Great Life Federal Savings Association. Sarasota, Inc. also filed an affidavit of its managing agent. The affidavit stated that the copy of the installment loan contract attached to the complaint in this case is "a true transcript from the books and account of (Sarasota, Inc.)." The affidavit further stated that the plaintiff's statement of account is just and correct. Sarasota, Inc. did not call its motion for summary judgment up for hearing, but served a request for admissions. The request for admissions did not address the question of whether Sarasota, Inc. owned the note or whether Booker had any oral agreements with Citizens and Builders. In his earlier answer to the complaint, Booker claimed he was without knowledge as to Sarasota, Inc.'s receipt of the note by assignment from Resolution Trust Corporation.
Sarasota, Inc. then filed another motion for summary judgment. In this motion and the accompanying memorandum, Sarasota, Inc. argued that under the case of D'Oench, Duhme & Co. v. Federal Deposit Insurance Corp., 315 U.S. 447, 62 S.Ct. 676, 86 L.Ed. 956 (1942), that a debtor could not rely upon a collateral agreement not reflected on a bank's records where the bank had been put into receivership by the FDIC, and the FDIC or its assignee seeks to collect the debt.
A hearing on the motion for summary judgment apparently took place in January 1997. The hearing was unreported. Based upon a subsequent letter from Booker's attorney to the judge, it appears that at the hearing, Booker requested that the court entertain an oral motion for summary judgment against Sarasota, Inc. on the basis that the pleadings and affidavits on file did not support Sarasota, Inc.'s claim that it was the holder of the note. After the hearing, Sarasota, Inc. filed an unverified copy of an allonge endorsed in favor of Sarasota, Inc. by the FDIC as receiver for Citizens and Builders. This second allonge did not mention Booker's note to Citizens and Builders, nor did it identify or reference Booker in any way. After considering the second allonge and letters from counsel, the circuit judge notified the parties she intended to enter summary judgment in favor of Sarasota, Inc. based upon D'Oench. The court also denied Booker's request to make an ore tenus motion for summary judgment.
On appeal, Booker argues first that the trial court erred by not allowing him to proceed on his oral motion for summary judgment raised initially at the hearing on Sarasota, Inc.'s motion. Booker next argues that Sarasota, Inc. failed to conclusively establish that it held the note and that, in any event, Sarasota, Inc. did not establish as a matter of law that it was entitled to the benefit of the rule of D'Oench. Because we reverse on Booker's second issue, we do not reach the other issue raised in this appeal.
Booker contends that Sarasota, Inc. has never alleged and proven that it is the holder of the note and entitled to bring an action to enforce the note. A party seeking summary judgment will have all doubts resolved against it and must conclusively demonstrate the absence of any material issue of fact. Here, it is undisputed that an incorrect allonge was attached to the complaint and to the affidavit filed by Sarasota, Inc. Although Sarasota, Inc. alleged in its complaint that it was the assignee of Booker's note, Booker's answer denied knowledge of this allegation. In paragraph 9 of his answer, Booker stated, "Plaintiff acquired the promissory note subsequent to its maturity date." Booker now argues that its stated lack of knowledge concerning ownership of the note acts as a denial under Rule 1.110(c), Florida Rules of Civil Procedure. Sarasota, Inc. counters that Booker's statement in paragraph 9 of his answer acted as an admission of Sarasota, Inc.'s ownership. The statement in paragraph 9 does not, however, constitute an admission, as it was meant by Booker as an alternative allegation in the event Sarasota, Inc. was successful in proving its prima facie case. Inconsistent statements in a pleading do not bind the party that submitted that pleadings. See Vann v. Hobbs, 197 So.2d 43, 45 (Fla. 2d DCA 1967). The Florida Rules of Civil Procedure permit inconsistency in pleadings as to either statements of facts or legal theories adopted. See Ogden v. Groves, *889 241 So.2d 756, 759 (Fla. 1st DCA 1970). Accordingly, Booker's answer indicating a lack of knowledge concerning ownership of the note acted as a denial under the Florida Rules of Civil Procedure.
Contrary to other arguments now advanced by Sarasota, Inc., the trial court could not simply assume that Sarasota, Inc. held the note, or that the photocopy of an allonge, filed after the hearing on the motion for summary judgment, was of appropriate evidentiary value. Booker has correctly pointed out that in order to be the real party in interest on a promissory note, the plaintiff must be the holder of the note. See Troupe v. Redner, 652 So.2d 394, 395-396 (Fla. 2d DCA 1995). Here, the allonge attached to the complaint, and referred to by Sarasota Inc.'s affidavit in support of its motion for summary judgment, showed an assignment of the note from an institution other than Citizens and Builders. The allonge ultimately filed with the court had never previously been verified by affidavit or testimony, nor had it been provided to the court or to Booker in the form of an amended complaint. A Florida court may not consider an unauthenticated document in ruling on a motion for summary judgment, even where it appears that the such document, if properly authenticated, may have been dispositive. See Tunnell v. Hicks, 574 So.2d 264, 266 (Fla. 1st DCA 1991). Because Sarasota, Inc. failed to establish its status as legal owner and holder of the note, or to establish the assignment from the FDIC, the trial court acted prematurely in basing its ruling on D'Oench.
REVERSED and REMANDED for further proceedings.
MICKLE and LAWRENCE, JJ., concur
NOTES
[*] "An allonge is a piece of paper annexed to a negotiable instrument or promissory note, on which to write endorsements for which there is no room on the instrument itself. Such must be so firmly affixed thereto as to become a part thereof." BLACK'S LAW DICTIONARY 76 (6th ed.1990). Florida's Uniform Commercial Code does not specifically mention an allonge, but notes that "[f]or the purpose of determining whether a signature is made on an instrument, a paper affixed to the instrument is part of the instrument." § 673.2041(1), Fla. Stat. (1995).