WARNER, J.
 

 In this appeal from a final summary judgment of mortgage foreclosure, the appellants claim that the court erred in entering a summary judgment because ap-pellee, Deutsche Bank, failed to establish its standing to bring the foreclosure action. In particular, they argue that Deutsche Bank failed to provide sufficient documentation reflecting how it obtained ownership of the mortgage and note from the original assignee, an entity called Option One. Deutsche Bank argues that it established
 
 *496
 
 its standing to foreclose based upon its possession of the original note and mortgage, combined with the affidavit of a representative of Option One’s successor in interest affirming Deutsche Bank’s ownership. We agree with Deutsche Bank that no material issues of fact remain and affirm.
 

 To prove its ownership, Deutsche Bank filed with the court the original mortgage, note, and an allonge
 
 [1]
 
 from Option One, payable to bearer, together with the aforementioned affidavit. The allonge, signed by an assistant secretary of Option One, did not state a payee. In this case, because the allonge did not state a payee, the note is “payable to bearer.” A promise or order is “payable to bearer” if it: “(a) [sjtates that it is payable to bearer ...; (b) [d]oes not state a payee; or (c) [sjtates that it is payable to or to the order of cash or otherwise indicates that it is not payable to an identified person.” § 673.1091(1), Fla. Stat. “If an instrument is payable to bearer, it may be negotiated by transfer of possession alone.” § 673.2011(2), Fla. Stat. A “holder” is defined as “[tjhe person in possession of a negotiable instrument that is payable either to bearer or to an identified person that is the person in possession.” § 671.201(21)(a), Fla. Stat.
 

 Thus, Deutsche Bank, by virtue of its possession of an instrument payable to bearer, is a valid holder of the note and, therefore, is entitled to enforce it. The affidavit from Option One’s successor in interest, also uncontested, provides proof of Deutsche Bank’s right to foreclose the mortgage.
 
 See Servedio v. U.S. Bank Nat’l Ass’n,
 
 46 So.3d 1105, 1107 (Fla. 4th DCA 2010);
 
 see also BAC Funding Consortium Inc. ISAOA/ATIMA v. Jean-Jacques,
 
 28 So.3d 936, 938-39 (Fla. 2d DCA 2010);
 
 Stanley v. Wells Fargo Bank,
 
 937 So.2d 708 (Fla. 5th DCA 2006).
 

 We also reject the appellants’ claim that the trial court should have granted their motion to amend their answer. The trial court did not abuse its discretion in denying the motion, made for the first time at the hearing on summary judgment and without attaching a copy of the proposed amended pleading.
 
 See
 
 Fla. R. Civ. P. 1.190(a).
 

 Because no genuine issue of material fact remained, the trial court properly entered summary judgment for the bank.
 

 Affirmed.
 

 TAYLOR and LEVINE, JJ., concur.
 

 [1]
 

 . “An allonge is a piece of paper annexed to a negotiable instrument or promissory note, on which to write endorsements for which there is no room on the instrument itself. Such must be so firmly affixed thereto as to become a part thereof.”
 
 See Booker v. Sarasota, Inc.,
 
 707 So.2d 886, 887 n. 1 (Fla. 1st DCA 1998). Although Florida's Uniform Commercial Code does not specifically mention an allonge, the Code provides that ”[f]or the purpose of determining whether a signature is made on an instrument, a paper affixed to the instrument is a part of the instrument.” § 673.2041(1), Fla. Stat.