DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**JANOS FARKAS,**
Appellant,

v.

**U.S. BANK, NATIONAL ASSOCIATION,** as Trustee for WAMU Mortgage
Pass Through Certificate for WMALT Series 2007-OA4,
Appellee.

No. 4D13-3006

[May 27, 2015]

Appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm
Beach County; Diana Lewis, Judge; L.T. Case No. 2009CA035912(AW).

Janos Farkas, Austin, pro se.

Joseph D. Wargo and Susan Capote of Wargo & French, LLP, Miami,
for appellee.

MAY, J.

A borrower appeals a final judgment of foreclosure, raising four issues.
We find merit in the standing argument and reverse.

The borrower executed a promissory note and mortgage in favor of
ComUnity Lending, Incorporated, a California Corporation. The note
attached to the complaint did not contain a blank endorsement, but the
note introduced at trial did.

The loan was securitized pursuant to a pooling and servicing agreement
and assigned to the loan trust Washington Mutual Mortgage Pass-Through
Certificates for WMALT Series 2007-OA4 ("Trust"). Washington Mutual
Bank ("WaMu") then became the servicer of the loan. The Federal Deposit
Insurance Corporation acquired some of WaMu's assets and liabilities and
sold them to JPMorgan Chase Bank, N.A. ("Chase"). Chase then became
the servicer.

The borrower defaulted. WaMu sent the borrower a "Notice of
Collection Activity" letter ("acceleration letter"), advising of thirty days to

cure the default or the loan would be accelerated.  The borrower failed to cure the default.

On October 19, 2009, U.S. Bank ("bank") filed a foreclosure action and attached the mortgage, note, and a lis pendens.  At the non-jury trial, the borrower and bank stipulated to the note and mortgage attached to the complaint and the borrower's receipt of the acceleration letter.

The bank called a research officer from Chase, who testified over the borrower's objection,[1] that the Trust obtained the loan on May 1, 2007. WaMu serviced the loan on behalf of the Trust until Chase acquired servicing rights in September 2008.  The bank also presented a document custodian, who testified that the bank's law firm received the original note, but lost it.  A copy of the note was introduced as a true and correct copy of the original.  On cross-examination, the borrower introduced an assignment of mortgage, dated October 20, 2009, the day after the bank filed its complaint.

The borrower argues the bank lacks standing because it was not the owner or holder of the note when the suit was filed.  The bank responds that the testimony sufficiently established standing.  We agree with the borrower and reverse.

"'Whether a party is the proper party with standing to bring an action is a question of law to be reviewed de novo.'"  *LaFrance v. U.S. Bank Nat'l Ass'n*, 141 So. 3d 754, 755 (Fla. 4th DCA 2014) (quoting *Elston/Leetsdale, LLC v. CWCapital Asset Mgmt. LLC*, 87 So. 3d 14, 16 (Fla. 4th DCA 2012)).

"[T]he party seeking foreclosure must demonstrate that it has standing to foreclose."  *McLean v. JP Morgan Chase Bank Nat'l Ass'n*, 79 So. 3d 170, 173 (Fla. 4th DCA 2012).  "'A party must have standing to file suit at its inception and may not remedy this defect by subsequently obtaining standing.'"  *Matthews v. Fed. Nat'l Mortg. Ass'n*, 160 So. 3d 131, 133 (Fla. 4th DCA 2015) (quoting *Venture Holdings & Acquisitions Grp., LLC v. A.I.M. Funding Grp., LLC*, 75 So. 3d 773, 776 (Fla. 4th DCA 2011)).

In a similar case, the Second District reversed a summary judgment of foreclosure because the bank did not have standing.  *Focht v. Wells Fargo Bank, N.A.*, 124 So. 3d 308, 309 (Fla. 2d DCA 2013).  There, the loan was transferred from the original lender, BNC Mortgage, Inc., into a trust with

---

[1]The borrower objected to the witness because she was not identified by name on the witness list, although the witness list included a bank representative to testify concerning business records.

Wells Fargo as trustee.  *Id.*  Wells Fargo filed a foreclosure complaint.  *Id.*

The original note had a blank endorsement on the back of the note, but was not in the record, so it was unknown whether the endorsement was dated.  *Id.* at 311.  The trial court entered summary judgment for the bank, and the borrower appealed.  *Id.*

The Second District reversed.  *Id.* at 309.  Nothing in the record established that Wells Fargo had possession of the note.  *Id.* at 311.  And, the bank could not prove standing at the time it filed the complaint.  *Id.*

Here, the note filed with the complaint did not contain a blank endorsement.  The blank endorsement on the copy filed at trial was undated, and no one was able to testify to when the endorsement occurred.  The bank's witnesses established only that the bank had standing at the time of trial, but not at the time it filed its complaint.  In addition, the borrower introduced the assignment of mortgage, dated the day after the complaint was filed.  Like *Focht*, the bank failed to prove standing.

For this reason, we reverse.

*Reversed.*

CIKLIN and LEVINE, JJ., concur.

*        *        *

***Not final until disposition of timely filed motion for rehearing.***