NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

WILLIAM TOMLINSON and WILLIAM      )
L. CRUMP,                          )
                                   )
       Appellants,                  )
                                   )
v.                                 )     Case No. 2D13-6030
                                   )
GMAC MORTGAGE, LLC; ROCKY          )
THOMPSON; MORTGAGE ELECTRONIC      )
REGISTRATION SYSTEMS, INC.; and    )
AMSCOT CORPORATION,                )
                                   )
       Appellees.                   )
_____)

Opinion filed September 2, 2015.

Appeal from the Circuit Court for Pinellas
County; Horace A. Andrews, Senior Judge.

Michael E. Rodriguez of Foreclosure
Defense Law Firm, P.L., Tampa, for
Appellants.

Manuel S. Hiraldo of Blank Rome, LLP,
Boca Raton, for Appellee GMAC Mortgage,
LLC.

No appearance for remaining Appellees.


MORRIS, Judge.

       William Tomlinson and William L. Crump (property owners) appeal a final

judgment of foreclosure entered against them and in favor of GMAC Mortgage, LLC,

after a nonjury trial. We reverse because GMAC did not demonstrate that it had standing at the time it filed its complaint.

In July 2007 GMAC filed a complaint for foreclosure, alleging that the mortgage was assigned to GMAC "by virtue of an assignment to be recorded" and that GMAC "owns and holds the [n]ote and mortgage." The complaint also alleged a count to "enforce a lost, destroyed or stolen promissory note and [m]ortgage" on the basis that GMAC was not presently in possession of the note and mortgage but had been in such possession when the loss occurred. Attached to the complaint was a copy of the mortgage naming the lender as GreenPoint Mortgage Funding, Inc., and Mortgage Electronic Registrations Systems, Inc. (MERS), as the lender's nominee, but no copy of the note was attached to the complaint.

In February 2009, GMAC filed the original note and mortgage. The note contained a blank endorsement from the original lender, GreenPoint. GMAC also filed a recorded assignment of mortgage from MERS to GMAC dated August 6, 2008. In their answer filed that same month, the property owners denied that GMAC owns or holds the mortgage and alleged as affirmative defenses that GMAC does not own or have any interest in the mortgage.

At the bench trial on September 24, 2013, GMAC introduced into evidence the original note and three business records as well as the testimony of a senior litigation analyst with Ocwen Loan Servicing, LLC, which had purchased GMAC in 2013. After the trial, the trial court entered final judgment in favor of GMAC.

On appeal, the property owners contend that GMAC did not establish that it had standing to foreclose because it did not prove that it owned or held the note at the

- 2 -

time the complaint was filed. They argue that the original note, which contains a blank endorsement, did not establish standing because it was not filed until 2009, two years after the complaint was filed in 2007.

"A plaintiff who is not the original lender may establish standing to foreclose a mortgage loan by submitting a note with a blank or special endorsement, an assignment of the note, or an affidavit otherwise proving the plaintiff's status as the holder of the note." Focht v. Wells Fargo Bank, N.A., 124 So. 3d 308, 310 (Fla. 2d DCA 2013) (citing McLean v. JP Morgan Chase Bank Nat'l Ass'n, 79 So. 3d 170, 173 (Fla. 4th DCA 2012)). "But standing must be established as of the time of filing the foreclosure complaint." Id. (citing Country Place Cmty. Ass'n v. J.P. Morgan Mortg. Acq. Corp., 51 So. 3d 1176, 1179 (Fla. 2d DCA 2010)). In Focht, this court held that the bank did not prove that it had standing to foreclose at the time it filed the complaint because the original note, which was endorsed in blank, was filed after the complaint was filed and there was "[n]o evidence establish[ing] when [the bank] acquired the original note." Id. at 310-11.

In this case, GMAC's witness testified that GMAC is the owner of the note, but she did not testify when GMAC came into possession of the note endorsed in blank. In addition, none of the business records admitted at trial established when GMAC came into possession of the note.[1] And the assignment of mortgage to GMAC, which was introduced at trial by the property owners, was dated August 6, 2008, more than a

---

[1]At trial, the property owners objected to the admission of the business records, and on appeal, the property owners challenge their admission. We need not address the issue because even with their admission, GMAC failed to prove standing.

year after the complaint was filed. This case is similar to Farkas v. U.S. Bank, 40 Fla. L. Weekly D1234 (Fla. 4th DCA May 27, 2015):

> The blank endorsement on the copy [of the note] filed at trial was undated, and no one was able to testify to when the endorsement occurred. The bank's witnesses established only that the bank had standing at the time of trial, but not at the time it filed its complaint. In addition, the borrower introduced the assignment of mortgage, dated the day after the complaint was filed. Like Focht, the bank failed to prove standing.

Id. at D1235; see also Eagles Master Ass'n v. Bank of America, N.A., 40 Fla. L. Weekly D1510 (Fla. 2d DCA June 26, 2015) (holding that note containing blank endorsement was insufficient to demonstrate standing where copy of note filed with complaint was not endorsed in blank and there was no evidence when the note was endorsed in blank); May v. PHH Mortg. Corp., 150 So. 3d 247, 248-49 (Fla. 2d DCA 2014) ("[T]he bank needed to introduce evidence that it was in possession of the original note with the blank endorsement at the time it filed the complaint. The bank failed to do so; none of the evidence adduced at trial demonstrated when, if at all, the bank came into possession of the note." (citation omitted)); cf. Stone v. BankUnited, 115 So. 3d 411 (Fla. 2d DCA 2013) (holding that even though bank, who was not the original lender, filed the note endorsed in blank after the complaint was filed, bank had standing where witness testified regarding how and when the bank came into possession of the note).

GMAC argues that other documents in the court file, which the trial court took judicial notice of during the trial, showed that GMAC held the note back in January 2007. But the trial court's taking of judicial notice of the court file does not render those documents admissible: "[W]hile the court may take judicial notice of documents in a court file that were properly placed there, this notice would not make the contents of the

- 4 -

documents admissible if they were subject to challenge, such as when a document is protected by privilege or constituted hearsay." Dufour v. State, 69 So. 3d 235, 254 (Fla. 2011) (holding that documents in court file that have been judicially noticed must comply with rules of evidence before they can be entered into evidence). Specifically, GMAC points to a January 2007 letter from GMAC informing the property owners that the mortgage account had been transferred from the original lender to GMAC. This letter is hearsay and was not admitted as a business record with a proper foundation; in fact, GMAC did not attempt to present this letter at trial. Therefore, we cannot consider it. Even if it had been admitted, the contents of the letter do not prove that GMAC held the note at the time the letter was sent.

In conclusion, GMAC simply failed to present evidence to establish that it held the note in 2007 when it filed the complaint. Accordingly, we reverse the final judgment based on GMAC's lack of standing. Because the property owners moved for involuntary dismissal on this basis, the proper remedy on remand is dismissal of GMAC's complaint. See Russell v. Aurora Loan Servs., LLC, 163 So. 3d 639, 643 (Fla. 2d DCA 2015) (reversing final judgment of foreclosure based on plaintiff's failure to prove standing and remanding for case to be dismissed pursuant to Florida Rule of Civil Procedure 1.420(b)); May, 150 So. 3d at 249 (same).

Reversed and remanded.

VILLANTI, C.J., and LUCAS, J., Concur.