COHEN, J.
Maria and Boris Gonzalez appeal a final order of foreclosure entered in favor of GreenTree Servicing, LLC (“GreenTree”), on a loan originated by Countrywide KB Home Loans (“Countrywide I”), The trial court ordered foreclosure based on a one-count complaint accompanied by an unin-dorsed copy of the note. We find Green-Tree failed to prove that it had standing to foreclose at the time of filing and therefore reverse. -
Bank of America, N.A. (“Bank of Amer-. ica”) filed the June 16, 2009, complaint in this case as successor in interest to BAC Home Loans Servicing, L.P. (“BAC”), Countrywide Home Loans Servicing, ,LP (“Countrywide II”), and Countrywide I, successively. Bank of America subsequently transferred its interest to Green-Tree, which was substituted in as plaintiff, though not before the bank filed another copy of the original note and mortgage. This copy showed that the original note had on its face two undated indorsements, one from Countrywide I to Countrywide II, and the other from Countrywide II to (blank).[1]
At trial, GreenTree produced the original note along with an assignment from Mortgage Electronic Registration Systems, Inc.,' to Bank of America dated March 6, 2010. GreenTree also offered the testimony of its sole witness, a “foreclosure mediation specialist” whom Green-Treé had employed from 2011 untii trial. Prior to working for GreenTree, the witness had been employed by Bank of America. The witness’s testimony at trial was based on business records, not on personal knowledge. When asked what evidence GreenTree had presented to demonstrate that Bank of America held the note at the time the foreclosure complaint was filed, *1108 she responded, “My testimony is the evidence.” However, when pressed further, the witness also stated that GreenTree had obtained the authority to foreclose from Fannie Mae, who she said was the actual owner of the note. GreenTree entered no business records into evidence to show dates or details of the various transfers between Countrywide I and Bank of America.
When determining whether a party has standing to bring a foreclosure action, this Court reviews the trial court’s ruling de novo. See Schmidt v. Deutsche Bank, 170 So.3d 938, 941 (Fla. 5th DCA 2015). The party seeking to foreclose on a loan bears the burden of proving that it has standing to bring the action at the time the complaint is filed. See Boyd v. Wells Fargo Bank N.A., 143 So.3d 1128, 1129 (Fla. 4th DCA 2014).
The requirements for standing are provided in section 673.3011, Florida Statutes, (2009), as follows:
The term “person entitled to enforce” an instrument means:
(1) The holder of the instrument;
(2) A nonholder in possession of the instrument who has the rights of a holder; or
(3) A person not in possession of the instrument who is entitled to enforce the instrument pursuant to s. 673.3091 or s. 673.4181(4).
A person may be a person entitled to enforce the instrument even though the person is not the owner of the instrument or is in wrongful possession of the instrument.
§ 673.3011, Fla. Stat.
GreenTree argues that it proved its standing as the note holder by filing the original note indorsed to (blank) and through witness testimony. This argument would place GreenTree under subsection (1) of section 673.3011 because the statutes define a “holder” as: “The person in possession of a negotiable instrument that is payable either to bearer or to an identified person that is the person in possession -” § 671.201(21)(a), Fla. Stat. (2009). Therefore, GreenTree needed to prove, at the time the complaint was filed, that the note had been indorsed to (blank) and that Bank of America, which initiated the foreclosure, was in possession of the note. But the copy of the note that Bank of America filed with the complaint was not indorsed, and the assignment was not entered into evidence.
GreenTree contends that the testimony of its employee established timely possession. This Court has recently held, however, that the testimony of a witness regarding business records that are not entered at trial is insufficient to prove standing in a foreclosure case. Schmidt, 170 So.3d at 941. None of the business records submitted by GreenTree establish that the note was in Bank of America’s possession or that the note was indorsed prior to the bank’s filing of the complaint. The payment-history documents entered into evidence show the entire history of payments on the note, from its inception, with no distinction as to which payments were attributed or paid to a particular lender.
The Second District Court of Appeal has reversed a foreclosure judgment on similar facts. Tomlinson v. GMAC Mortg., 173 So.3d 1121, 1123 (Fla. 2d DCA 2015). That court stated:
In this case, [plaintiffs] witness testified that [plaintiff] is the owner of the note, but she did not testify when [plaintiff] came into possession of the note endorsed in blank. In addition, none of the. business records admitted at trial established when [plaintiff] came into possession of the note. And the assign *1109 ment ... was dated ... after the complaint was filed.
Id. at 1122 (footnotes omitted); see also Sosa v. U.S. Bank Nat’l Ass’n, 153 So.3d 950, 951-52 (Fla. 4th DCA 2014) (reversing a foreclosure where the witness did not testify as to the date of the pertinent indorsement on the note); Sas v. Fed. Nat’l Mortg. Ass’n, 112 So.3d 778, 779-80 (Fla. 2d DCA 2013) (reversing to determine the amount owed on plaintiffs mortgage because the witness’s testimony was inadmissible hearsay and the party seeking foreclosure failed to enter necessary business records).
Because the testimony of GreenTree’s witness was not based on personal knowledge, and GreenTree entered no business records indicating how or when the assignment to Bank of America was made, GreenTree failed to establish by admissible evidence that the bank held the note when the complaint was filed. Accordingly, we reverse the final order of foreclosure.
REVERSED.
ORFINGER and LAMBERT, JJ., concur.

. The field for transferee on the second in-dorsement was left empty.