IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

ANGELA R. CASSELL,

      Appellant,

v.                                     Case No.  5D14-3369

GREEN PLANET SERVICING,
LLC, ET AL.,

      Appellees.

_____/

Opinion filed April 1, 2016

Appeal from the Circuit Court
for Hernando County,
Daniel B. Merritt, Sr., Senior Judge.

Dineen Pashoukos Wasylik, of DPW Legal,
Tampa, for Appellant.

Robert C. Schermer, of Greene Hamrick
Quinlan & Schermer, P.A., Bradenton, for
Appellee, Green Planet Servicing, LLC.

No Appearance for other Appellees.

COHEN, J.

      Appellant, Angela Cassell ("Cassell"), appeals the trial court's final judgment of

foreclosure entered in favor of Green Planet Servicing, LLC, n/k/a Planet Home

Lending, LLC ("Green Planet"), on a complaint that was originally filed by GMAC

Mortgage, LLC ("GMAC"). Cassell argues, inter alia, that the documents Green Planet

relied upon at trial to show default as well as Green Planet and GMAC's compliance

with the mortgage's notice requirements were inadmissible hearsay. We agree and reverse.

At trial, Green Planet presented the testimony of its own records custodian to establish a foundation for the entry of Green Planet's records. The records that Green Planet sought to enter into evidence included the payment history on the loan and a copy of a notice of default it had received from GMAC. Cassell objected on the basis that the records were inadmissible hearsay. Green Planet sought to admit the records under the business records exception to the rule excluding hearsay.

This Court has previously determined that, in a foreclosure proceeding, a witness can only authenticate another entity's records if the witness can "demonstrate familiarity with the record-keeping system of [the] business that prepared the document and knowledge of how the data was uploaded into the system." Nationstar Mortg., LLC v. Berdecia, 169 So. 3d 209, 213 (Fla. 5th DCA 2015) (citing Burdeshaw v. Bank of N.Y. Mellon, 148 So. 3d 819, 823 (Fla. 1st DCA 2014)).

The witness in this case initially testified that she obtained her knowledge of GMAC's records from "[g]oing through the service history of the loan" and by reviewing the records themselves. When asked directly if she had any personal knowledge of the policies and procedures used by the entities that created the payment history and notice letters, she repeatedly testified that she did not. Green Planet was required to provide evidence that the records were reliable and accurate. See WAMCO XXVIII, Ltd. v. Integrated Elec. Env'ts, Inc., 903 So. 2d 230, 233 (Fla. 2d DCA 2005). The witness's review of the payment history and notice letter themselves, along with other documents that were never entered at trial, could not form the basis for the determination that the

2

records were trustworthy. <u>See</u> <u>Gonzalez v. BAC Home Loans Servicing, L.P.</u>, 180 So. 3d 1106, 1108-09 (Fla. 5th DCA 2015); <u>Schmidt v. Deutsche Bank</u>, 170 So. 3d 938, 941 (Fla. 5th DCA 2015).

Green Planet failed to lay the proper foundation to enter the payment history and notice letter as business records; therefore, these documents should not have been admitted over Cassell's hearsay objection. Without that evidence, Green Planet could not establish either Cassell's default or its own compliance with the mortgage's notice requirements. Accordingly, we reverse the final judgment of foreclosure and remand for a new trial.

REVERSED and REMANDED.

LAMBERT and EDWARDS, JJ., concur.