NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

MICHAEL SORRELL,                          )
                                          )
          Appellant,                      )
                                          )
v.                                        )        Case No. 2D14-3883
                                          )
U.S. BANK NATIONAL ASSOCIATION,           )
as Trustee for Structured Asset Securities )
Corporation Mortgage Pass-Through         )
Certificates, Series 2006-BC5,            )
                                          )
          Appellee.                       )
_____)

Opinion filed April 6, 2016.

Appeal from the Circuit Court for Pasco
County; Wayne L. Cobb, Senior Judge.

Jason J. Ricardo of Ricardo & Wasylik, PL,
Dade City, for Appellant.

Dean A. Morande and Michael K. Winston of
Carlton Fields Jorden Burt, P.A., West Palm
Beach, for Appellee.


VILLANTI, Chief Judge.

          Michael Sorrell appeals the final judgment of foreclosure entered against

him and in favor of U.S. Bank National Association after a bench trial.  Because U.S.

Bank failed to prove that it had standing to foreclose at the inception of the case, we

must reverse.

The record on appeal shows that Sorrell signed a promissory note in favor of BNC Mortgage, Inc., on August 11, 2006, and he secured the note with a mortgage, also in favor of BNC Mortgage, on his home in Wesley Chapel. The mortgage indicated that MERS would be acting as the nominee of the lender.

On May 19, 2008, U.S. Bank filed a two-count foreclosure complaint against Sorrell. Count one was for foreclosure of the mortgage; count two was for reestablishment of a lost note. In its complaint, U.S. Bank alleged that it was the owner and holder of the note and mortgage, and it attached copies of a mortgage and note to its complaint. However, the mortgage showed that it was in favor of BNC Mortgage, and the copy of the unindorsed note showed that it was payable to BNC Mortgage. Further, the note attached to the complaint did not include an allonge. Therefore, as of the date the original complaint was filed, no document of record connected U.S. Bank to its allegations that it owned and held the note and mortgage.

On January 12, 2009, U.S. Bank filed an amended complaint, dropping the lost note count. Attached to the amended complaint was an assignment of the mortgage from MERS to U.S. Bank, which was signed on November 24, 2008, and recorded on December 2, 2008. However, no documents relating to the note were attached to the amended complaint. Sorrell filed an answer and affirmative defenses to the amended complaint, in which he alleged in part that U.S. Bank did not have standing because it did not own or hold the note when it filed the original complaint.

On April 22, 2009, U.S. Bank filed a notice of filing the original note and mortgage and a copy of the assignment of the mortgage. In the stack of filed documents on the page after the original note was an undated allonge signed by Jamie

Langford on behalf of BNC Mortgage. The undated allonge is partially typed and partially handwritten. It was undisputed at trial that the allonge was not "affixed" to the note but rather was a separate document filed in the court file. The allonge does not identify what relationship Jamie Langford had to BNC Mortgage.

At the bench trial on the amended complaint, U.S. Bank offered the testimony of Kim Daye, a loan verification specialist for Wells Fargo Bank, N.A, which was the servicer for Sorrell's loan beginning on December 1, 2006. Daye identified the original mortgage, the original note, and the undated allonge as business records of Wells Fargo. He testified that the "transfer" of the note and mortgage to Wells Fargo for servicing occurred on December 1, 2006; however, he admitted that he had no knowledge of the transaction outside of what was reflected in the documents themselves and that none of the documents established the date that U.S. Bank actually acquired the note and mortgage. More importantly, Daye admitted that he had no documents or other evidence to establish that U.S. Bank owned or held the note and mortgage as of May 19, 2008—the date the original complaint was filed—and there were no documents to show when the allonge was created and signed or when (or if) it was attached to the note.

At the close of U.S. Bank's case, Sorrell argued that U.S. Bank was not entitled to judgment in its favor because it had not proven that it owned and held the note and mortgage on the date the original complaint was filed. The trial court denied Sorrell's motion for involuntary dismissal and entered the final judgment of foreclosure in favor of U.S. Bank. This appeal ensued.

In light of the wealth of current case law on this issue, it should no longer be a surprise to a foreclosure plaintiff that it must prove that it had standing to foreclose on the date the original complaint was filed. See, e.g., Corrigan v. Bank of Am., N.A., 41 Fla. L. Weekly D345 (Fla. 2d DCA Feb. 5, 2016) (en banc); Tomlinson v. GMAC Mortg., LLC, 173 So. 3d 1121, 1122 (Fla. 2d DCA 2015) (quoting Focht v. Wells Fargo Bank, N.A., 124 So. 3d 308, 310 (Fla. 2d DCA 2013)); Vidal v. Liquidation Props., Inc., 104 So. 3d 1274, 1276 (Fla. 4th DCA 2013) (quoting McLean v. JP Morgan Chase Bank Nat'l Ass'n, 79 So. 3d 170, 173 (Fla. 4th DCA 2012)). To have standing to foreclose, the plaintiff must own or hold the note at issue. See May v. PHH Mortg. Corp., 150 So. 3d 247, 248 (Fla. 2d DCA 2014); Khan v. Bank of Am., N.A., 58 So. 3d 927, 928 (Fla. 5th DCA 2011). Standing to foreclose by one other than the original lender can be established through evidence of an assignment or equitable transfer of the note and mortgage completed before the complaint is filed. See Focht, 124 So. 3d at 310; Joseph v. BAC Home Loans Servicing, LP, 155 So. 3d 444, 446-47 (Fla. 4th DCA 2015). Standing cannot be established by simply filing a note with an undated indorsement or allonge months after the original complaint was filed. See Focht, 124 So. 3d at 310; Cutler v. U.S. Bank Nat'l Ass'n, 109 So. 3d 224, 226 (Fla. 2d DCA 2012) (noting that if the bank could not establish that the undated allonge took effect prior to the complaint being filed, then it would not have standing to bring the foreclosure action). And attempting to bedazzle the trial court with documents establishing all sorts of facts unrelated to standing at the inception of the case will not carry the day.

To prove standing when in possession of only an undated indorsement or allonge, the plaintiff must introduce other admissible evidence to prove that it had the

right to enforce the note on the date the complaint was filed.  See Focht, 124 So. 3d at 310-11; Feltus v. U.S. Bank Nat'l Ass'n, 80 So. 3d 375, 377 n.2 (Fla. 2d DCA 2012) (stating that to have standing, the bank would have to prove that the indorsement in blank was effectuated before the complaint was filed).  This evidence could include testimony from a competent witness.  See Stone v. BankUnited, 115 So. 3d 411, 413 (Fla. 2d DCA 2013); Lamb v. NationStar Mortg., LLC, 174 So. 3d 1039, 1041 (Fla. 4th DCA 2015); Ham v. NationStar Mortg., LLC, 164 So. 3d 714, 719 (Fla. 1st DCA 2015) ("It is possible for a witness to provide sufficient testimony to prove standing where the documentary evidence is insufficient."); Sosa v. U.S. Bank Nat'l Ass'n, 153 So. 3d 950, 951 (Fla. 4th DCA 2014) (noting that a plaintiff seeking to foreclose can establish standing through documents, an affidavit of ownership, or through the testimony of a witness with knowledge).  But such evidence does not include testimony from a witness whose knowledge arises solely from the legally insufficient documents.

For example, in Tomlinson, GMAC filed its foreclosure complaint in 2007 and alleged that it was the owner and holder of the note and mortgage.  173 So. 3d at 1121.  In February 2009, GMAC filed the original note and mortgage.  Id. at 1122.  The note contained a blank indorsement from the original lender to GMAC, but this indorsement was undated.  Id.  GMAC also filed the recorded assignment of the mortgage from MERS to GMAC, but the assignment was dated several months after the complaint was filed.  Id.  At the bench trial, GMAC introduced the testimony of a senior litigation analyst, who testified that GMAC was the owner of the note, but she could not testify as to when GMAC came into possession of the note indorsed in blank.  Id.  In addition, none of the business records established when GMAC came into possession

- 5 -

of the note indorsed in blank. Id. This court held that GMAC had failed to present evidence to establish that it held the note when it filed the complaint, and therefore we reversed the final judgment of foreclosure. Id. at 1123; see also Farkas v. U.S. Bank, Nat'l Ass'n, 165 So. 3d 796 (Fla. 4th DCA 2015) (reversing final judgment of foreclosure when the bank's only evidence to show that it held the note was an undated blank indorsement on the note, the assignment of the mortgage occurred after the complaint was filed, and no one testified to when the indorsement was placed on the note). As these two cases demonstrate, testimony based on nothing but assumptions arising from documents that are otherwise legally insufficient to prove standing is likewise insufficient to prove standing.

Here, as in Tomlinson and Farkas, neither the documentary evidence nor the live testimony established that U.S. Bank owned or held the indorsed note with the allonge when it filed the original foreclosure complaint. The original note, which was filed almost a year after the original complaint was filed, was indorsed in blank, but the indorsement was undated. The undated allonge was not attached to the original note, and it was also not filed until almost a year after the complaint was filed. U.S. Bank's only witness could not testify as to when U.S. Bank came into ownership or possession of the note or the allonge, and none of the documents introduced into evidence established the date that the indorsed note and allonge were received by U.S. Bank.[1]

---

[1]While not dispositive of the issue, we note that the assignment of the mortgage was signed and recorded six months after the original complaint was filed. While the assignment of mortgage would not be sufficient in an of itself to establish that U.S. Bank had standing (the mortgage follows the note; not the other way around), the fact that the mortgage was not assigned until long after the complaint was filed leads us to question whether the undated allonge likewise postdated the complaint.

- 6 -

While U.S. Bank's documents were sufficient to establish its standing as of the date the originals were filed, establishing standing as of a date long after the original complaint was filed will not suffice to prove standing at the time the original complaint was filed. Therefore, because U.S. Bank's evidence was legally insufficient to prove that it had standing when it filed the complaint, we must reverse the final judgment of foreclosure in favor of U.S. Bank and remand for dismissal. See Fla. R. Civ. P. 1.420(b); May, 150 So. 3d at 249.

Reversed and remanded for dismissal.

WALLACE and LUCAS, JJ., Concur.