NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT


OMAR T. CABALLERO and AUDREY )
K. CABALLERO, )
)
Appellants, )
)
v. )                    Case No. 2D15-266
)
U.S. BANK NATIONAL ASSOCIATION )
as trustee for RASC 2006-EMX7, and )
WESTCHASE COMMUNITY )
ASSOCIATION, INC., )
)
Appellees. )
_____)

Opinion filed April 20, 2016.

Appeal from the Circuit Court for
Hillsborough County; Christine K. Vogel,
Senior Judge.

Elizabeth L. Hapner of Hapner Law,
Tampa, for Appellants.

Linda M. Reck of Greenberg Traurig, P.A.,
Orlando, and Michele L. Stocker of
Greenberg Traurig, P.A., Fort Lauderdale,
for Appellee U.S. Bank National
Association as Trustee for RASC 2006-
EMX7.

No appearance for remaining Appellee.

KHOUZAM, Judge.

Omar T. Caballero and Audrey K. Caballero appeal the final summary judgment of foreclosure entered in favor of U.S. Bank National Association as Trustee for RASC 2006-EMX7. The Caballeros argue that U.S. Bank failed to prove that it had standing to foreclose because it failed to show that the note was validly transferred to it. We agree that, on the record before us, there was insufficient evidence to show U.S. Bank's standing. Therefore, we must reverse and remand for further proceedings. We decline to comment on the remaining issues raised by the Caballeros.

U.S. Bank filed the foreclosure complaint on October 27, 2011. Attached to the complaint was a copy of the note and mortgage dated June 5, 2006, and identifying the lender as Mortgage Lenders Network USA, Inc. The note bore a special endorsement in favor of EMAX Financial Group, LLC. Also attached was a July 20, 2006, allonge transferring the note from Mortgage Lenders Network USA, Inc., to Residential Funding Corporation and then by special endorsement from Residential Funding Corporation to U.S. Bank National Association as Trustee. Finally, attached to the complaint was an assignment of the mortgage from Mortgage Electronic Registration Systems, Inc., as nominee for Mortgage Lenders Network USA, Inc., to U.S. Bank National Association as Trustee for RASC 2006-EMX7.

On July 15, 2013, U.S. Bank filed the original note, a copy of the mortgage, and a copy of the assignment. Attached to the original note was an allonge, but it was not the same allonge that had been attached to the complaint. This new allonge was undated and bore a blank endorsement from EMAX Financial Group, LLC.

Though this allonge listed Mr. Caballero's name and the correct property address, it contained a different loan number than the other documents.

These documents are insufficient to show that U.S. Bank had standing to foreclose. Though the copy of the note and the allonge attached to the complaint indicate that the note was transferred to U.S. Bank, U.S. Bank never filed the original allonge. "In order to prevail in a suit on a note and mortgage, the original note and mortgage must be introduced into evidence or a satisfactory reason must be given for failure to do so." Fair v. Kaufman, 647 So. 2d 167, 168 (Fla. 2d DCA 1994). Because an allonge is essentially part of the note, see Isaac v. Deutsche Bank Nat'l Trust Co., 74 So. 3d 495, 496 n.1 (Fla. 4th DCA 2011), it was necessary for U.S. Bank to file the original allonge along with the original note.

Instead of filing the original allonge with the original note, U.S. Bank filed a different allonge. This allonge contained a different loan number, so U.S. Bank failed to establish that this allonge pertained to the correct loan. And even though this allonge did bear a blank endorsement, it was undated, and thus U.S. Bank failed to establish that this allonge and endorsement were attached to the note at the time the complaint was filed. See Seffar v. Residential Credit Sols., Inc., 160 So. 3d 122, 125-26 (Fla. 4th DCA 2015) (holding that the bank had failed to show standing where "[n]o evidence was presented that the allonge was executed and attached to the note prior to the filing of the initial complaint"). Finally, the assignment was insufficient to show standing because it only purported to assign the mortgage, not the note. See Lamb v. Nationstar Mortg., LLC, 174 So. 3d 1039, 1041 (Fla. 4th DCA 2015) ("A bank does not have standing to foreclose where it relies on an assignment of the mortgage only."). Because

U.S. Bank failed to show standing, summary judgment should not have been entered in its favor.

Reversed and remanded for further proceedings.

SLEET and LUCAS, JJ., Concur.