NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

BYRON E. MATHIS,                                )
                                                )
            Appellant,                          )
                                                )
v.                                              )          Case No. 2D15-2782
                                                )
NATIONSTAR MORTGAGE, LLC;                       )
UNKNOWN SPOUSE OF BYRON E.                      )
MATHIS; UNKNOWN TENANT IN                       )
POSSESSION 1 n/k/a CALVIN                       )
GRIFFIN; UNKNOWN TENANT IN                      )
POSSESSION 2 n/k/a SHEILA                       )
GRIFFIN; UNKNOWN TENANT IN                      )
POSSESSION 3 n/k/a TOOKIE SMITH,                )
                                                )
            Appellees.                          )
                                                )
_____ )

Opinion filed May 26, 2017.

Appeal from the Circuit Court for Pinellas
County; Marion L. Fleming, Senior Judge.

Michael E. Rodriguez of Foreclosure
Defense Law Firm, P.L., Tampa, for
Appellant.

Nancy M. Wallace of Akerman LLP,
Tallahassee; William P. Heller of
Akerman LLP, Fort Lauderdale; and Eric M.
Levine of Akerman LLP, West Palm Beach,
for Appellee, Nationstar Mortgage, LLC.

No appearance for remaining Appellees.

WALLACE, Judge.

Byron Mathis challenges a final judgment of foreclosure entered in favor of Nationstar Mortgage, LLC (Nationstar), after a bench trial. He contends that there was insufficient evidence to prove Nationstar's standing to foreclose as a holder in possession of the note, to which an allonge had been attached, secured by the mortgage. Because Nationstar failed to submit the original allonge to the note for filing in the court file either before or at the time of trial, we reverse.

On May 22, 2007, Mr. Mathis executed a note in favor of Homecomings Financial, LLC (Homecomings Financial), as the lender. The note was secured by a residential mortgage to Mortgage Electronic Registration Systems, Inc. (MERS), as nominee for the lender. Homecomings Financial later indorsed the note to Residential Funding Company, LLC, which in turn indorsed the note to Deutsche Bank Trust Company Americas as Trustee (Deutsche Bank). Deutsche Bank subsequently indorsed the note in blank on an allonge that was attached to the note. MERS assigned the mortgage to Aurora Bank FSB. In turn, Aurora Bank FSB assigned the mortgage to Nationstar on March 21, 2013.

On July 31, 2014, Nationstar filed the underlying action to foreclose the mortgage. Nationstar attached to its complaint a copy of the note and the allonge, as well as a certificate evidencing its possession of the original note. On October 8, 2014, Mr. Mathis filed his answer and affirmative defenses to the complaint. Mr. Mathis denied Nationstar's allegation that it was in "physical possession of the [n]ote endorsed in blank." A few weeks later, Nationstar filed the original note in the court file, but failed to file the original allonge.

At trial, Nationstar attempted to prove its standing to foreclose the mortgage. Nationstar introduced several exhibits into evidence, including the mortgage and the original note. Nationstar also brought one of its senior default case specialists to testify that she was familiar with the records regarding Mr. Mathis's loan and that Mr. Mathis had defaulted on his loan. The case specialist further testified, over Mr. Mathis's best evidence rule objection,[1] to the following: (1) she was familiar with the original note, (2) the note contained an allonge, (3) the allonge contained a blank indorsement, and (4) Nationstar possessed the allonge. However, Nationstar never produced the original allonge or offered it into evidence.

After Nationstar rested its case, Mr. Mathis immediately moved for an involuntary dismissal. Mr. Mathis argued that Nationstar had not proved its standing to enforce the note because it did not produce the original allonge. Mr. Mathis emphasized that without the original allonge and its blank indorsement, Nationstar did not have standing to foreclose because the note itself was indorsed to Deutsche Bank. In response, Nationstar argued that Mr. Mathis waived his right to raise the issue of standing and that it was a nonholder in possession of the note. Without making any findings, except that Nationstar proved its case by a preponderance of the evidence, the trial court entered a final judgment of foreclosure in favor of Nationstar.

On appeal, Mr. Mathis argues that the trial court erred in ruling that Nationstar had proved its standing to foreclose the mortgage. Specifically, Mr. Mathis contends that Nationstar failed to prove its standing because it did not file the original allonge to the note. In response, Nationstar argues that because it was in possession

---

[1] See §§ 90.952, .953, Fla. Stat. (2014).

of the original note indorsed in blank at the time of the commencement of the action in the circuit court, "nothing more is required for standing." Nationstar further argues that even without the original allonge, it still qualifies as a holder in possession of the note.

Our review of whether a party has standing to foreclose is de novo. Gonzalez v. BAC Home Loans Servicing, L.P., 180 So. 3d 1106, 1108 (Fla. 5th DCA 2015). To prove standing as a holder in possession of the note, a plaintiff must show that it was the holder of the note and mortgage at the time the foreclosure complaint was filed and at the time of trial. See ALS–RVC, LLC v. Garvin, 201 So. 3d 687, 690-91 (Fla. 4th DCA 2016) (citing Kiefert v. Nationstar Mortg., LLC, 153 So. 3d 351, 352 (Fla. 1st DCA 2014)). "A plaintiff who is not the original lender may establish standing to foreclose a mortgage loan by submitting a note with a blank or special endorsement, an assignment of the note, or an affidavit otherwise proving the plaintiff's status as the holder of the note." Focht v. Wells Fargo Bank, N.A., 124 So. 3d 308, 310 (Fla. 2d DCA 2013) (footnote omitted) (citing McLean v. JP Morgan Chase Bank Nat'l Ass'n, 79 So. 3d 170, 173 (Fla. 4th DCA 2012)). Further, "[b]ecause an allonge is essentially part of the note," it may be necessary for a mortgagee "to file the original allonge along with the original note" to prove standing. Caballero v. U.S. Bank Nat'l Ass'n ex rel. RASC 2006-EMX7, 189 So. 3d 1044, 1046 (Fla. 2d DCA 2016) (citing Isaac v. Deutsche Bank Nat'l Tr. Co., 74 So. 3d 495, 496 n.1 (Fla. 4th DCA 2011)); cf. Purificato v. Nationstar Mortg., LLC, 182 So. 3d 821, 822 (Fla. 4th DCA 2016) (noting that the mortgagee attached a copy of the original note and allonge to its complaint and subsequently produced the originals to prove standing at trial).

In Caballero, this court confronted a similar issue. There, the mortgagee, U.S. Bank, attached copies of the original note, mortgage, and allonge to its foreclosure complaint. 189 So. 3d at 1045. The copy of the allonge bore a special indorsement to U.S. Bank. Id. However, when U.S. Bank later filed the original note, it failed to attach the original allonge. Id. Indeed, instead of attaching the original allonge, U.S. Bank attached an allonge that listed a different loan number. Id. Accordingly, we held that U.S. Bank's documents were insufficient to establish its standing because U.S. Bank failed to file the original allonge. Id. We reasoned that "[b]ecause an allonge is essentially part of the note, it was necessary for U.S. Bank to file the original allonge along with the original note." Id. at 1046. Accordingly, we reversed the final judgment of foreclosure, concluding that the documents were insufficient to establish U.S. Bank's standing. Id.

Here, the same principles apply. To establish its standing as holder in possession of the note as of the time of trial and as of the time the foreclosure complaint was filed, Nationstar needed to submit both the original note and the original allonge.[2] Although Nationstar submitted the original note, it failed to submit the original allonge. Specifically, Nationstar needed to provide the original allonge because it apparently bore a blank indorsement from Deutsche Bank. Such an indorsement was vital to Nationstar's case because it was the very basis upon which Nationstar claimed to have standing to foreclose the mortgage. Indeed, without the production of the original

_____

[2]We further note that surrendering the original promissory note and allonge was necessary "to remove it from the stream of commerce and prevent the [potential] negotiation of the note to another person." Heller v. Bank of Am., N.A., 209 So. 3d 641, 644 (Fla. 2d DCA 2017).

- 5 -

allonge, the admissible evidence at trial reflected that the original note was still indorsed to Deutsche Bank.[3]  Thus, because Nationstar failed to submit the original allonge, there was insufficient evidence to establish Nationstar's standing to enforce the note.

Furthermore, although the case specialist testified that Nationstar possessed the original allonge and that the allonge contained a blank indorsement, she did not provide any explanation about why the original allonge was unavailable. Accordingly, the case specialist's testimony regarding the contents of the allonge was inadmissible under the best evidence rule.  See §§ 90.952, .953(1), Fla. Stat. (2014) (providing that the original of a negotiable instrument, such as a promissory note, is required to prove the contents of the writing); Rattigan v. Cent. Mortg. Co., 199 So. 3d 966, 967 (Fla. 4th DCA 2016) (holding that even though the bank testified to the contents of the written loan modification, the bank violated the best evidence rule by virtue of its failure to introduce the original written loan modification at trial or "a duplicate with an explanation as to why the original note was unavailable"); see also Heller v. Bank of Am., N.A., 209 So. 3d 641, 643-44 (Fla. 2d DCA 2017) (discussing the best evidence rule).

Finally, we have considered Nationstar's alternative arguments about standing, and we find them to be without merit.  Therefore, we must reverse the final

---

[3]Although the note was specially indorsed to Deutsche Bank, such an indorsement does not necessarily preclude Nationstar from enforcing the note.  See Bank of N.Y. Mellon Tr. Co., N.A. v. Conley, 188 So. 3d 884, 885 (Fla. 4th DCA 2016) ("Where a bank is seeking to enforce a note which is specially indorsed to another, the bank is a nonholder in possession." (citing Murray v. HSBC Bank USA, 157 So. 3d 355, 358 (Fla. 4th DCA 2015))).  Nevertheless, even if Nationstar had alleged in its complaint that it was a nonholder in possession of the note, there was insufficient evidence at trial to support such a theory.

- 6 -

judgment and remand this case to the trial court with directions to enter an involuntary dismissal of Nationstar's complaint.  See Wolkoff v. Am. Home Mortg. Servicing, Inc., 153 So. 3d 280, 283 (Fla. 2d DCA 2014).

Reversed and remanded with directions.


MORRIS and ROTHSTEIN-YOUAKIM, JJ., Concur.