DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**U.S. BANK NATIONAL ASSOCIATION,** As Trustee for **HOME EQUITY ASSET TRUST 2004-6 HOME EQUITY PASS-THROUGH CERTIFICATES, SERIES 2004-6,**
Appellant,

v.

**JEAN KACHIK;** Unknown Spouse of Jean Kachik; **BANK OF AMERICA, N.A.; BANK OF AMERICA** Successor By Merger To **BARNETT BANK OF BROWARD COUNTY, N.A.; UNITED STATES OF AMERICA;** Any and All Unknown Parties Claiming By, Through, Under and Against The Herein Named Individual Defendant(s) Who Are Not Known To Be Dead or Alive, Whether Said Unknown Parties May Claim An Interest As Spouses, Heirs, Devisees, Grantees, or Other Claimants; Unknown Tenant #1; Unknown Tenant #2; Unknown Tenant #3; and Unknown Tenant #4, The Names Being Fictitious To Account For Parties In Possession,
Appellee.

No. 4D16-1776

[July 5, 2017]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Kathleen Ireland, Senior Judge; L.T. Case No. 13-011979 CACE (11).

Dean A. Morande and Michael K. Winston of Carlton Fields, P.A., West Palm Beach, for appellant.

Jonathan H. Kline of Jonathan Kline, P.A., Weston, for appellee.

CIKLIN, J.

U.S. Bank National Association, as Trustee for Home Equity Asset Trust 2004-6 Home Equity Pass Through Certificates, Series 2004-6 ("the bank"), the plaintiff in the foreclosure proceedings below, appeals a final judgment in favor of Jean Kachik ("the homeowner"). Because the bank failed to file the original allonge to the subject note, we affirm.

A copy of the note on which the action was brought and a copy of a paper entitled "Endorsement and Assignment of Note" were attached to

the bank's single-count complaint for foreclosure. The endorsement and assignment stated in pertinent part, "I hereby transfer, endorse and assign to _____ the within Note and Deed of Trust securing the same, so far as the same pertains to said Note, without recourse." At trial, the bank moved into evidence the original note but only a copy of the endorsement and assignment. After entertaining memoranda on the effect of the endorsement and assignment, the trial court entered judgment in favor of the homeowner.

On appeal, the bank argues that the endorsement and assignment was merely an assignment for which the original document was not required. The homeowner argues the subject document was an allonge and, as such, the bank was required to file the original. We agree with the homeowner.

"A promissory note is a negotiable instrument." *Deutsche Bank Nat'l Trust Co. v. Clarke*, 87 So. 3d 58, 60-61 (Fla. 4th DCA 2012). Where a document is a negotiable instrument, the best evidence rule, as codified, requires the production of the original. § 90.953(1), Fla. Stat. (2016) ("A duplicate is admissible to the same extent as an original, unless . . . [t]he document or writing is a negotiable instrument . . . ."). "Therefore, a party who seeks to foreclose on a mortgage must produce the original note." *Clarke*, 87 So. 3d at 61.

This court has explained the concept of an allonge as an addition to a negotiable instrument:

> "An allonge is a piece of paper annexed to a negotiable instrument or promissory note, on which to write endorsements for which there is no room on the instrument itself. Such must be so firmly affixed thereto as to become a part thereof." *See Booker v. Sarasota, Inc.*, 707 So. 2d 886, 887 n.1 (Fla. 1st DCA 1998). Although Florida's Uniform Commercial Code does not specifically mention an allonge, the Code provides that "[f]or the purpose of determining whether a signature is made on an instrument, a paper affixed to the instrument is a part of the instrument." § 673.2041(1), Fla. Stat.

*Isaac v. Deutsche Bank Nat'l Trust Co.*, 74 So. 3d 495, 496 n.1 (Fla. 4th DCA 2011) (alteration in original). *Isaac* also describes the effect of an allonge that does not identify a specific payee:

> A promise or order is "payable to bearer" if it: "(a) [s]tates

2

that it is payable to bearer . . . ; (b) [d]oes not state a payee; or (c) [s]tates that it is payable to or to the order of cash or otherwise indicates that it is not payable to an identified person." § 673.1091(1), Fla. Stat. "If an instrument is payable to bearer, it may be negotiated by transfer of possession alone." § 673.2011(2), Fla. Stat.

*Id.* at 496 (alterations in original).

Since *Isaac* dictates that an allonge is part of the note, and an original note is required, it follows that an original allonge is required. Partially relying on *Isaac*, the Second District reached this conclusion in a similar case:

These documents are insufficient to show that U.S. Bank had standing to foreclose. Though the copy of the note and the allonge attached to the complaint indicate that the note was transferred to U.S. Bank, U.S. Bank never filed the original allonge. "In order to prevail in a suit on a note and mortgage, the original note and mortgage must be introduced into evidence or a satisfactory reason must be given for failure to do so." *Fair v. Kaufman*, 647 So. 2d 167, 168 (Fla. 2d DCA 1994). Because an allonge is essentially part of the note, *see Isaac v. Deutsche Bank Nat'l Trust Co.*, 74 So. 3d 495, 496 n.1 (Fla. 4th DCA 2011), it was necessary for U.S. Bank to file the original allonge along with the original note.

*Caballero v. U.S. Bank Nat'l Ass'n ex rel. RASC 2006-EMX7*, 189 So. 3d 1044, 1045-46 (Fla. 2d DCA 2016).

Turning to the document at hand, the endorsement and assignment states "I hereby transfer, endorse and assign to _____ the within Note and Deed of Trust securing the same, so far as the same pertains to said Note, without recourse." The paper's reference to "the within Note" contemplates physical attachment to the note, indicating that the paper is effectively an allonge. Further, because the paper does not specify a payee, it is payable to bearer, and was thus negotiable by transfer alone, rendering it a negotiable instrument for which the original document was required.

Because the bank failed to produce the original allonge and did not plead a lost instrument count, we affirm the trial court's judgment in favor of the homeowner.

*Affirmed.*

TAYLOR and MAY, JJ., concur.

*       *       *

***Not final until disposition of timely filed motion for rehearing.***